KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Jeffrey S. Trachtman
Gordon Z. Novod
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for the First Lien Lender Group

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
In re                                                    :        Chapter 11
                                                         :
CHARTER COMMUNICATIONS, INC., et al.,                    :        Case No. 09-11435(JMP)
                                                         :
                                    Debtors.             :        (Joint Administration Requested)
                                                         :
                                                         :
———————————————————————— x

**LIMITED OBJECTION OF THE FIRST LIEN LENDER GROUP TO DEBTORS'
MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11
U.S.C. §§ 105, 361, 362, 363 AND FED. R. BANKR. P. 2002, 4001 AND 9014 (I)
AUTHORIZING DEBTORS TO USE CASH COLLATERAL, (II) GRANTING
ADEQUATE PROTECTION TO ADEQUATE PROTECTION PARTIES AND (III)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)**

             An unofficial committee of unaffiliated Lenders (as defined below) collectively

holding approximately $2.0 billion of indebtedness (as identified in Exhibit A hereto, the "First

Lien Lender Group") under the Credit Agreement (as defined below), by and through its

undersigned counsel, hereby submits this limited objection ("Limited Objection") to the motion

(the "Motion") of Charter Communications, Inc. and its debtor affiliates (the "Debtors") for

authority to use cash collateral (the "Cash Collateral"), grant adequate protection to certain

parties ("Adequate Protection") and schedule a final hearing pursuant to sections 105, 361, 362,

363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001 and

9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In support of the Limited Objection, the First Lien Lender Group respectfully represents as follows:

## Background

1.     All members of the First Lien Lender Group are Lenders under that certain Amended and Restated Credit Agreement, dated as of March 18, 1999, as amended and restated as of March 6, 2007 (the "Credit Agreement"), among Charter Communications Operating, LLC ("CCO"), as borrower, CCO Holdings, LLC, as guarantor, the lenders party thereto (the "Lenders") and JPMorgan Chase Bank, N.A., as administrative agent (the "Agent"), pursuant to which CCO borrowed $8.5 billion in term loan and revolving credit facilities on a secured basis. These obligations were guaranteed by various subsidiaries and affiliates of CCO. CCO is a debtor and debtor-in-possession subject to administration under Case No. 09-11449 (JMP).

2.     In early January 2009, after it was disclosed that the Debtors were negotiating with certain of their stakeholders in connection with a potential restructuring, the First Lien Lender Group organized and retained Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as its counsel in connection with the enforcement and preservation of its rights, privileges, powers and remedies under the Credit Agreement.  The Agent also retained counsel, Simpson Thacher & Bartlett LLP ("Simpson Thacher"), in connection with the potential restructuring.

3.     Pursuant to Section 10.5(b) of the Credit Agreement, CCO is obligated to reimburse both the Agent for its counsel fees and the Lenders for the fees and expenses of one law firm, separate and distinct from counsel retained by the Agent.  Section 10.5(b) provides, in relevant part:

> The Borrower agrees . . . (b) to pay or reimburse each Lender and each Agent for all its costs and expenses incurred in connection with the enforcement or preservation of any rights, privileges,

powers or remedies under this Agreement, the other Loan Documents and any such other documents, including the fees and disbursements of one firm of counsel selected by the Administrative Agent, together with any special or local counsel, to the Administrative Agent <u>and not more than one other firm of counsel to the Lenders</u>[.]

Credit Agreement, § 10.5(b) (emphasis added).

4. During February and March 2009, the First Lien Lender Group communicated with counsel for the Debtors concerning recognition of Kramer Levin as a law firm retained by Lenders under Section 10.5(b) of the Credit Agreement. Written demands for recognition under Section 10.5(b) were delivered to CCO on February 6, 2009, and March 12, 2009, the latter of which was accompanied by a Kramer Levin invoice for fees through February 28, 2009. Failure to comply with Section 10.5 would have been an event of default under the Credit Agreement.

5. As an outgrowth of those communications, CCO and the First Lien Lender Group reached a general understanding concerning the reimbursement of the Group's legal fees and expenses and the scope of services to be provided by Kramer Levin as follows:

- <u>Fees</u>: CCO would reimburse the First Lien Lender Group for:

  o all reasonable prepetition accrued fees and disbursements due and payable to Kramer Levin; and
  o all reasonable post-petition fees and disbursements due and payable to Kramer Levin, subject to a rolling monthly cap of $200,000 (with the ability to carry forward and carry back amounts from previous or succeeding months).

  Kramer Levin would reserve the right to request payment of additional fees to extent that the Court determined such fees were reasonable.

- <u>Scope of Services</u>: To the extent possible, Kramer Levin will coordinate its efforts with Simpson Thacher as counsel to the Agent in order to minimize duplication. This framework contemplates that Simpson Thacher would take the lead on discovery matters for the Agent, in consultation with Kramer Levin and to the extent possible, Kramer Levin will coordinate with Simpson Thacher with respect to legal analysis, preparation of pleadings, court appearances and other matters that arise in the chapter 11 cases.

6.     In furtherance of this understanding, on March 24, 2009, CCO wired $525,000 to Kramer Levin in satisfaction of Kramer Levin's invoice for services rendered to the First Lien Lender Group and disbursements made through February 28, 2009.

### **Relief Requested**

The Motion and the accompanying proposed interim cash collateral order (the "Proposed Order") recognize CCO's obligation, inter alia, to pay the Trustee's fees and expenses pursuant to Section 10.5(b) of the Credit Agreement as an element of Adequate Protection. See Motion ¶ 33; Proposed Order ¶ 9. However, the Motion and Proposed Order do not currently provide for the further reimbursement of the fees and expenses of the First Lien Lender Group, as also contemplated by Section 10.5(b) of the Credit Agreement.

7.     The First Lien Lender Group submits that pursuant to Section 10.5(b) of the Credit Agreement it is entitled to reimbursement as Adequate Protection by CCO of all its reasonable fees and disbursements incurred in these chapter 11 proceedings (not just fees and expenses up to a monthly cap). Nevertheless, the First Lien Lender Group is willing to accept the compromise described in paragraph 5 above and as more fully set forth in the modifications to the Proposed Order contained in Exhibit B hereto. Such modifications would be in lieu of a request for payment in full of all reasonable fees and expenses and would be accepted by the First Lien Lender Group in satisfaction of CCO's reimbursement obligations under Section 10.5(b) of the Credit Agreement.

8.     Absent such an accommodation, the failure of CCO to comply with Section 10.5(b) would result in an event of default under the Credit Agreement.

KL2 2598344.2

## Conclusion

For the foregoing reasons, the First Lien Lender Group requests that the Court (i) deny the relief requested in the Motion only to the extent that it would fail to provide for the payment of fees and expenses as requested herein; (ii) enter interim and final orders consistent with this Limited Objection and incorporating the proposed modifications set forth in Exhibit B; and (iii) grant such other relief as the Court deems just, equitable, and proper.

Dated: New York, New York
      March 29, 2009

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Kenneth H. Eckstein
    Kenneth H. Eckstein
    Jeffrey S. Trachtman
    Gordon Z. Novod
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

    Attorneys for the First Lien Lender Group

KL2 2598344.2

## EXHIBIT A

## FIRST LIEN LENDER GROUP

Allstate
Ares Management
Avenue Capital
Aurelius Capital Management LP
Bennett Management
BlackRock
Canyon Capital
Carval Investors
Chicago Fundamental Investment Partners
Davidson Kempner
Drawbridge Special Opportunities Fund
Duquesne Capital
Durham Asset Management L.L.C.
ECO Management
Farallon Capital
Certain funds managed by Fidelity
Franklin Mutual Advisers

ING
JMB Capital
Kohlberg Kravis Roberts & Co. (Fixed Income) LLC
Och-Ziff
Onex Credit Partners, LLC
Sandell Asset Management Corp.
Scoggin Capital
Scottwood Capital Management, L.L.C.
Shumway Capital
Silver Lake
Taconic Capital
Thrivent Financial
Varde Partners
Viking Global
Wells Fargo Securities Investment Group

# EXHIBIT B

## PROPOSED MODIFICATIONS TO INTERIM CASH COLLATERAL ORDER

Paragraph 9(a) should be amended as follows (see <u>underline</u>/~~strikethrough~~):

(a) Payments: As additional adequate protection, the Operating Debtors are authorized and directed to pay to the Administrative Agent and the Lenders (i) accrued and unpaid prepetition interest and fees as well as current postpetition payment of interest at the default rate (excluding LIBOR options) and fees under Sections 2 and 3 of the Credit Agreement, including without limitation Section 2.12(c) and Section 3.3, for all Loans and Letters of Credit outstanding thereunder and current postpetition payments of interest for all Specified Hedge Agreements (to the extent any of the foregoing amounts are required to be paid under such Specified Hedge Agreement) and (x) the documented reasonable fees, costs and expenses incurred or accrued by the Administrative Agent (the foregoing to include all unpaid prepetition interest, fees and expenses), and including the documented reasonable fees and expenses of legal counsel (redacted for privilege and work product) and other professionals hired by or on behalf of the Administrative Agent; <u>(y) the documented reasonable fees, costs and expenses incurred or accrued by Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), legal counsel for the First Lien Lender Group, as that term is defined in that certain Limited Objection, filed on March 29, 2009 [Docket No.      ] (the "Limited Objection") (as amended from time to time to time, the "First Lien Lender Group"), the foregoing to include all unpaid prepetition fees and expenses; provided that with respect to the post-petition reasonable fees and expenses of Kramer Levin, the Operating Debtors agree to make timely payments on all of Kramer Levin's invoices up to $200,000 per month (the "Monthly Cap"); provided, further, that to the extent that Kramer Levin's fees and disbursements in a given month are less than the Monthly Cap, the unused amount (the "Carry-Forward Amount") may be applied and carried forward to increase the Monthly Cap in any given month where Kramer Levin's fees and disbursements would have otherwise exceeded the Monthly Cap, if not for the addition of such Carry-Forward Amount; provided, further, that if Kramer Levin's fees and disbursements in a given month exceed the Monthly Cap after accounting for a Carry-Forward Amount, any amounts up to the Monthly Cap for the succeeding months (each such amount, a "Carry-Back Amount") may be carried back to such prior months and paid by the Operating Debtors in such prior months;</u> and (~~y~~<u>z</u>) all documented reasonable out-of-pocket expenses of each of the members of the Steering Committee incurred in connection with their participation in the Steering Committee (e.g., expenses for travel, food and lodging) and (ii) all quarterly amortization payments on the date that such payment becomes due as set forth in Section 2.3 of the Credit Agreement (determined without giving effect to any acceleration of the Obligations) (collectively, the "<u>Adequate Protection Payments</u>"). None of the fees, costs, expenses or other amounts payable pursuant to this paragraph shall be subject to separate approval by this Court (but this Court shall resolve any dispute as to the reasonableness of any such fees, costs and expenses), and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto. <u>The First Lien Lender Group reserves the right at the conclusion of the case to request reasonable amounts in excess of the Monthly Cap, as increased by the Carry-Forward Amount and the Carry-Back Amount. Payments made pursuant to paragraph 9(a)(i)(y) herein shall satisfy the Debtors' reimbursement obligations to the Lenders for the fees and expenses of one law firm,</u>

separate and distinct from counsel retained by the Agent, under Section 10.5(b) of the Credit Agreement. The scope of the services to be provided by Kramer Levin shall be as set forth in paragraph 5 of the Limited Objection.

KL2 2598344.2