# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| CHARTER COMMUNICATIONS, INC., <u>et al.</u>, | ) Case No. 09-11435 <br> ) |
| Debtors. | ) <br> ) <br> ) |

## INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO (A) MAINTAIN PREPETITION INSURANCE POLICIES, (B) ENTER INTO NEW INSURANCE POLICIES, (C) MAINTAIN PREMIUM FINANCING AGREEMENTS AND (D) ENTER INTO NEW PREMIUM FINANCING AGREEMENTS

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors (collectively, the "<u>Debtors</u>")[2] for the entry of an order (the "<u>Order</u>") authorizing, but not directing, the Debtors to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these cases include: Ausable Cable TV, Inc.; Hometown TV, Inc.; Plattsburgh Cablevision, Inc.; Charter Communications Entertainment I, LLC; Falcon First Cable of New York, Inc.; Charter Communications, Inc.; Charter Communications Holding Company, LLC; CCHC, LLC; Charter Communications Holdings, LLC; CCH I Holdings, LLC; CCH I, LLC; CCH II, LLC; CCO Holdings, LLC; Charter Communications Operating, LLC; American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Cable Equities Colorado, LLC; Cable Equities of Colorado Management Corp.; CC 10, LLC; CC Fiberlink, LLC; CC Michigan, LLC; CC Systems, LLC; CC V Holdings, LLC; CC VI Fiberlink, LLC; CC VI Operating, LLC; CC VII Fiberlink, LLC; CC VIII Fiberlink, LLC; CC VIII Holdings, LLC; CC VIII Leasing of Wisconsin, LLC; CC VIII Operating, LLC; CC VIII, LLC; CCH I Capital Corp.; CCH I Holdings Capital Corp.; CCH II Capital Corp.; CCO Fiberlink, LLC; CCO Holdings Capital Corp.; CCO NR Holdings, LLC; CCO Purchasing, LLC; Charter Advertising of Saint Louis, LLC; Charter Cable Leasing of Wisconsin, LLC; Charter Cable Operating Company, L.L.C.; Charter Cable Partners, L.L.C.; Charter Communications Entertainment, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment II, LLC; Charter Communications Holdings Capital Corporation; Charter Communications Operating Capital Corp.; Charter Communications Properties LLC; Charter Communications V, LLC; Charter Communications Ventures, LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications, LLC; Charter Distribution, LLC; Charter Fiberlink – Alabama, LLC; Charter Fiberlink AR-CCVII, LLC; Charter Fiberlink AZ-CCVII, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CA-CCVII, LLC; Charter Fiberlink CC VIII, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink – Georgia, LLC; Charter Fiberlink ID-CCVII, LLC; Charter Fiberlink – Illinois, LLC; Charter Fiberlink IN-CCO, LLC; Charter Fiberlink KS-CCO, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink – Michigan, LLC; Charter Fiberlink – Missouri, LLC; Charter Fiberlink MS-CCVI, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NC-CCVII, LLC; Charter Fiberlink – Nebraska, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NM-CCO, LLC; Charter Fiberlink NV-

(a) maintain their Policies entered into prepetition, including the payment of any prepetition obligations related to their policies, (b) enter into new insurance policies through renewal of the current Policies or purchase of new postpetition policies, (c) maintain their PFAs for insurance coverage entered into prepetition and (d) enter into new postpetition premium financing agreements through renewal of the current PFAs or purchase of new postpetition premium financing agreements and upon the First Day Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted as set forth herein on an interim basis.

---

CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink NY-CCVII, LLC; Charter Fiberlink OH-CCO, LLC; Charter Fiberlink OK-CCVII, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink SC-CCVII, LLC; Charter Fiberlink – Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink UT-CCVII, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; Charter Fiberlink – Wisconsin, LLC; Charter Fiberlink WV-CCO, LLC; Charter Fiberlink, LLC; Charter Gateway, LLC; Charter Helicon, LLC; Charter Investment, Inc.; Charter RMG, LLC; Charter Stores FCN, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Enstar Communications Corporation; Falcon Cable Communications, LLC; Falcon Cable Media, a California Limited Partnership; Falcon Cable Systems Company II, L.P.; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Community Ventures I, LP; Falcon First Cable of the Southeast, Inc.; Falcon First, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; Helicon Partners I, L.P.; HPI Acquisition Co., L.L.C.; Interlink Communications Partners, LLC; Long Beach, LLC; Marcus Cable Associates, L.L.C.; Marcus Cable of Alabama, L.L.C.; Marcus Cable, Inc.; Midwest Cable Communications, Inc.; Peachtree Cable TV, L.P.; Peachtree Cable T.V., LLC; Renaissance Media LLC; Rifkin Acquisition Partners, LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Tioga Cable Company, Inc.; and Vista Broadband Communications, LLC.

2. A final hearing shall be held on April 15, 2009 at 9:45 a.m. prevailing Eastern Time (the "Final Hearing"). Any objections or responses to the Motion shall be filed on or before 7 calendar days prior to the Final Hearing and served in accordance with applicable law.

3. The Debtors are authorized, but not directed, in their sole discretion, to continue in place, and honor the terms of, the Policies from the Petition Date to the Final Hearing.

4. The Debtors are authorized, but not directed, to continue their Policies uninterrupted and, in their sole discretion, pay any prepetition premiums, financing payments Brokers' Fees, Third Party Administrator Payments and other costs related to their Policies that become due between the Petition Date and the Final Hearing, to the extent that the Debtors determine in their discretion that such payment is necessary or appropriate.

5. The Debtors are authorized, but not directed, to enter into new insurance policies, through renewal of the Policies or purchase of new policies, from the Petition Date to the Final Hearing.

6. The Debtors are authorized, but not directed, to honor the terms of their PFAs, from the Petition Date to the Final Hearing.

7. The Debtors are authorized, but not directed, to enter into new PFAs related to the existing Policies and new insurance policies in the ordinary course of their business, from the Petition Date to the Final Hearing.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Bankruptcy Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      March 30, 2009

*s/ James M. Peck*
United States Bankruptcy Judge