ROPES & GRAY LLP
Mark R. Somerstein (MS 9721)
Keith H. Wofford (KW 2225)
David S. Elkind (DE 4054)
Nila W. Williams (NW 5969)
1211 Avenue of the Americas
New York, New York  10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

Proposed Counsel to the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| CHARTER COMMUNICATIONS, INC., et al., | ) Case No. 09-11435 (JMP) |
| Debtors. | ) Jointly Administered |
| JPMORGAN CHASE BANK, N.A., as Administrative Agent, | ) |
| Plaintiff, | ) Adversary Proceeding |
| - against - | ) Case. No.  09-01132 (JMP) |
| CHARTER COMMUNICATIONS OPERATING, LLC and CCO HOLDINGS, LLC, | ) |
| Defendants. | ) |

**MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO INTERVENE**

The Official Committee of Unsecured Creditors (the "Committee") of Charter

Communications, Inc., et al. (the "Debtors"), by and through its undersigned proposed counsel,

makes this Motion (the "Motion") for entry of an order, pursuant to section 1109(b) of title 11 of

the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") and Fed. R. Civ. P. 24(a)(1), made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to intervene as a party in the above-captioned adversary proceeding (the "Litigation"). In support of the Motion, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 1109(b) of the Bankruptcy Code and Fed. R. Civ. P. 24(a)(1), made applicable by Bankruptcy Rule 7024.

## BACKGROUND

2. On March 27, 2009 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On April 10, 2009, the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code to represent the interests of the Debtors' unsecured creditors, and on April 23, 2009, the United States Trustee added an additional member of the Committee. The Committee currently consists of three members: UMB Bank, NA, as Indenture Trustee; The Bank of NY Mellon Trust Company, N.A., as Indenture Trustee; Bank of Oklahoma, as Indenture Trustee, and HSBC Bank USA, N.A., as Indenture Trustee.

4. On April 15, 2009, the Committee retained Ropes & Gray as its proposed counsel, subject to the approval of this Court.[1]

5. The Debtors' principal credit facility consists of a senior secured term and revolving loan facility for which there is approximately $8.2 billion of term and revolving credit loans outstanding pursuant to an Amended and Restated Credit Agreement dated as of March 18, 1999, as amended and restated as of March 6, 2007 (the "Credit Agreement"), among Charter Communications Operating, LLC ("CCO"), as Borrower, CCO Holdings, LLC ("CCO Holdings"), as Guarantor, the lenders party thereto (the "First Lien Lenders"), and JPMorgan Chase Bank N.A., as Administrative Agent (the "Agent") for the First Lien Lenders.

6. Contemporaneous with the filing of the Debtors' petitions, the Debtors filed their proposed chapter 11 plan of reorganization (the "Plan"). The Plan is predicated upon reinstatement of a substantial portion of the Debtors' outstanding debt, including the outstanding debt under the Credit Agreement, pursuant to section 1124 of the Bankruptcy Code.

7. On the Petition Date, in an apparent effort to create a roadblock to reinstatement of the outstanding debt at confirmation, the Agent commenced the Litigation in this Court seeking a declaratory judgment that certain prepetition defaults existed pursuant to the Credit Agreement in October and November of 2008.

8. On April 10, 2009, the Debtors filed a motion to dismiss the Litigation. That motion to dismiss is currently scheduled to be heard on May 5, 2009 at 9:00 a.m. In addition, there is substantial ongoing discovery by both sides in the Litigation.

---

[1] Ropes & Gray will be filing an application for approval of the firm's engagement shortly, but because of the expedited schedule of the Litigation and the need for the Committee to intervene right away, the Committee files this motion now.

9. As the representative of the unsecured creditors, the Committee has a vital interest in the Litigation. The Committee believes that the interests of unsecured creditors will be significantly impaired if the Debtors are not permitted to reinstate the debt of their solvent subsidiaries or if the Agent is able to impede or delay the confirmation process. The Committee makes this motion for permission to intervene in the Litigation so that it will have all the rights of a party to the litigation.

## RELIEF REQUESTED

10. By this Motion, the Committee seeks entry of the annexed order permitting it to intervene in the Litigation as a party pursuant to both section 1109(b) of the Bankruptcy Code and Fed. R. Civ. P. 24(a)(1), made applicable by Bankruptcy Rule 7024.

## BASIS FOR RELIEF

11. Section 1109 of the Bankruptcy Code provides, in pertinent part, that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Pursuant to Section 1109(b) the Committee has an unconditional right to appear in the Litigation. See, e.g., Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.), 689 F.2d 445, 454-55 (3d Cir. 1982); Caldor Corp. v. Ozer Group, L.L.C., 303 F.3d 161 (2d Cir. 2002) (holding that informal committee of term loan holders had unconditional statutory right to intervene in adversary proceeding under § 1109(b)); In re Overmyer, 30 B.R. 123, 125 (S.D.N.Y. 1983).

12. Fed. R. Civ. P. 24(a)(1), made applicable by Bankruptcy Rule 7024, further provides, in pertinent part: "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute . . . " Fed. R. Civ. P. 24(a)(1) thus provides

for this Court to permit the Committee, as the party charged with representing the interests of unsecured creditors, to intervene as a party to the Litigation.  See Caldor Corp., 303 F.3d at 176; In re Calpine Corp., 354 B.R. 45, 48 (Bankr. S.D.N.Y. 2006), aff'd, 365 B.R. 401 (S.D.N.Y. 2007).

13. The Litigation appears to merely duplicate regular confirmation litigation concerning the ability to reinstate debt under § 1124 of the Bankruptcy Code – but seeks to do so through the separate procedural silo of an adversary proceeding.  The Committee has a right to participate in the litigation and to be heard concerning these issues, despite the creation of separate litigation by the Agent.[2]  Indeed, it would be highly irregular for the Committee to be excluded from participation in such confirmation litigation merely because of the Agent's instigation of a separate adversary proceeding.  This is particularly true when the possibility of an amended complaint, trial, settlement or appeal, and the potential implications of each for unsecured creditors are considered.

14. As the representative of unsecured creditors, the Committee has a direct and substantial interest in protecting the rights of unsecured creditors in this Litigation.  Given the importance of the right to reinstate the secured debt at issue to the value available to unsecured creditors in these cases, the interests of unsecured creditors will be vitally affected by the outcome of pending proceedings in this Litigation.

15. It is clear from the allegation in the Complaint that the discovery in this Litigation will overlap with, if not replace, discovery to be conducted in connection with significant confirmation issues (most notably reinstatement).  To exclude the Committee from participation in such litigation is thus inappropriate, and in fact, not legally permissible.

---

[2] This procedural duality betwen the adversary proceeding and confirmation would of course be eliminated if the Debtors' motion to dismiss is granted.

16. In an effort to avoid the necessity for this motion, the Committee requested that the Agent consent to the Committee's intervention, but the Agent has thus far failed to provide that consent except with conditions which are unacceptable to the Committee.

17. The Committee submits that this motion is timely made, particularly in view of the fact that the Committee has only recently been constituted and engaged counsel.

18. In view of the pending motion to dismiss, the upcoming hearing on that motion, and the ongoing discovery in the Litigation, the Committee seeks to intervene as promptly as possible.

19. No prior request for the relief sought by this Motion has been made.

## NOTICE

20. Notice of this Motion is being provided to (i) Debtors and their counsel, Kirkland & Ellis LLP, Attn: Richard M. Cieri, Paul M. Basta, Ray C. Schrock and Stephen E. Hessler, and Togut, Segal & Segal, Attn: Albert Togut and Frank Oswald; (ii) the Office of the United States Trustee for the Southern District of New York, Attn: Paul K. Schwartzberg, (the "U. S. Trustee"); (iii) counsel to Paul Allen, Skadden, Arps, Slate, Meagher & Flom LLP & Affiliates, Attn: Andrew Garelick, Jay Goffman and Kurt Ramlo; (iv) counsel to the Crossover Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attn: Alan W. Kornberg); (v) counsel for the agent for the Debtors' prepetition secured lenders, Simpson Thacher & Bartlett, Attn: Peter V. Pantaleo and Bruce D. Angiolillo; and (vi) all persons and entities that have formally appeared and requested service in these cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit A, (i) authorizing the Committee to intervene in the Litigation; and (ii) granting such other and further relief as may be necessary and proper.


Dated: New York, New York
       April 23, 2009        **ROPES & GRAY LLP**

By: */s/ David S. Elkind*
   Keith H. Wofford (KW 2225)
   Mark R. Somerstein (MS 9721)
   David S. Elkind (DE 4054)
   Nila Williams (NW 5969)
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Proposed Counsel for the Official
Committee of Unsecured Creditors