David M. Pelletier, Esq.
Axley Brynelson, LLP
2 East Mifflin Street – Suite 200
P O Box 1767
Madison, WI 53701-1767
T: 608-260-2495
F: 608-257-5444
dpelletier@axley.com

-and-

Heath Straka, Esq.
Gingras, Cates & Luebke, S.C.
8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
straka@gcllawyers.com

*Attorneys for Philip Powers, Marc Goodell,
Chad Werth, Ross Blakel, and Dominick
Tucker, on behalf of themselves and a class
of similarly situated employees and former
employees of Charter Communications,
LLC and Charter Communications, Inc.*

**Hearing Date and Time:** May 5, 2009 at 9:00 a.m

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHARTER COMMUNICATIONS, INC., et al | Case No. 09-11435 (JMP) |
| Debtors. |  |

**OBJECTION OF PHILIP POWERS, MARC GOODELL, CHAD WERTH, ROSS BLAKELY, AND DOMINICK TUCKER, ON BEHALF OF THEMSELVES AND A CLASS OF SIMILARLY SITUATED EMPLOYEES AND FORMER EMPLOYEES OF CHARTER COMMUNICATIONS, LLC AND CHARTER COMMUNICATIONS, INC. TO DEBTORS' DISCLOSURE STATEMENT PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE WITH RESPECT THE DEBTORS' JOINT PLAN OF REORGANIZATION**

Philip Powers, Marc Goodell, Chad Werth, Ross Blakely, and Dominick Tucker, on behalf of themselves and a class of similarly situated employees and former employees of Charter Communications, LLC and Charter Communications, Inc ("Goodell Class Plaintiffs"), hereby object (the "Objection") to the Debtors' Disclosure Statement Pursuant to Chapter 11 of the Bankruptcy Code with Respect to the Debtors' Joint Plan of Reorganization (the "Disclosure Statement"). In support of the Objection, the Goodell Class Plaintiffs respectfully state as follows:

## BACKGROUND

1. On March 27, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### *The Goodell Litigation*

2. Prior to the Petition Date, the Goodell Class Plaintiffs filed a multi-state class action lawsuit in the United States District Court for the Western District of Wisconsin against Debtors Charter Communications, LLC ("CC LLC"), and Charter Communications, Inc. ("CCI") (*Goodell v. Charter Communications, LLC, et al.* (W.D. Wis. Case No. 08-CV-512-C) (hereinafter "the Goodell Litigation")). The Goodell Class Plaintiffs' Second Amended Complaint, which was filed on January 7, 2009, seeks unpaid wages and overtime compensation on behalf of a class of plaintiffs who assert claims under the wage and hour laws of California, Michigan, Minnesota, and Missouri.[1]

---

[1] The class is defined to include "all current and former Charter employees who worked in [California, Michigan, Minnesota, and Missouri] and who, within the applicable limitations period(s): (i) held one or more of the following positions or equivalent/similar positions- Broadband Tech I; Broadband Tech II; Broadband Tech III; Broadband Tech Lead; Broadband Tech Sr.; Chief Technician; Data Services Technician I; Data Services Technician II; Data

Counsel for the Class Plaintiffs estimate that the Goodell Litigation may include up to 2,800 class members.

3. In a related action filed August 15, 2007, under the federal Fair Labor Standards Act (*Sjoblom v. Charter Communications, LLC, et al.* (W.D. Wis. Case No. 07-C-0452-C) (the "Sjoblom Litigation")), Debtors CCI and CC LLC settled with a class of 1,256 current and former employees. The facts underlying the wage and hour claims at issue in the Goodell Litigation track exactly with the claims settled in the Sjoblom Litigation.

4. By order dated March 31, 2009, the United States District Court for the Western District of Wisconsin ordered the Goodell Litigation stayed and closed administratively, subject to reopening if the instant bankruptcy proceeding is terminated without disposing of the rights of the parties or for any other reasons to prevent manifest injustice.

### *The Debtors' Disclosure Statement and Joint Plan of Reorganization*

5. On the Petition Date, the Debtors filed their proposed Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (D.I. 36) (the "Plan"), as well as the Disclosure Statement.

6. The Disclosure Statement does not specifically address the Goodell Litigation at all. The Disclosure Statement presents a fair and accurate description of the

---

Services Technician Sr.; Data Services Tech I CB; Data Services Tech II CB; Data Services Tech Sr. CB; Install/Repair QC Technician I; Install/Repair QC Technician II; Installer Repair Technician I; Installer Repair Technician II; Installation Technician; Installation Trainee; Installer I; Repair Technician; Reverse Specialist; Service Technician; Service Technician I; Service Technician II; System Chief Technician; System Field Coordinator; System Technician; System Technician I; System Technician II; System Technician Lead; System Technician Sr.; (ii) to whom Charter assigned a company vehicle, and; (iii) who, on one or more occasion, took a company vehicle home and kept that company vehicle overnight at his or her home." (Second Amended Complaint, ¶¶ 16-20).

Sjoblom Litigation, and correctly asserts that Debtors CCI and CC LLC settled that litigation prior to the Petition Date.  *See* Discl. Stat. at 66.  The Disclosure Statement then includes a vague reference to the fact that Debtors are subject to "other similar claims," but asserts that Debtors cannot predict the ultimate outcome of any such claims.  *See id.*

7. The Goodell Class Plaintiffs' claims are most likely general unsecured claims.  The Plan provides that General Unsecured Claims against CCI are unimpaired.  *See* Plan at 24-25.  Thus, as holders of unimpaired claims, the Goodell Class Plaintiffs are not entitled to vote to accept or reject the Plan . . . ."  *See id.*

8. The Disclosure Statement and the Plan are silent as to how claims against Debtor CC LLC will be treated.

9. Because the Disclosure Statement does not address the Goodell Litigation at all, the Goodell Class Plaintiffs are unable to determine how Debtors intend to address the Goodell Litigation going forward.  In fact, the permanent injunction provided for by the Plan raises serious questions and concerns as to the continuance of the pending Goodell Litigation.

10. The permanent injunction contained in Article X, Section F of the Plan prevents Entities "from commencing or continuing in any manner, any Cause of Action" upon the Effective Date of the Plan.  *See* Plan at 60.  The Plan defines Entities as it is defined in the Bankruptcy Code, which definition includes "persons."  11 U.S.C. § 101(15).  Cause of Action is broadly defined and most certainly includes the Goodell Litigation.  *See* Plan at 3 (defining Cause of Action as ". . . all actions . . . existing or hereafter arising, in law, equity or otherwise . . . .").

**OBJECTION**

11. Section 1125(b) of the Bankruptcy Code requires the Court's approval of a written disclosure statement as containing "adequate information" before a plan proponent may solicit votes for a plan of reorganization. The standards governing the contents of a disclosure statement are well-settled. "The primary purpose of a disclosure statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan." *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). The "information to be provided should be comprised of all those factors presently known to the plan proponent that bear on the success or failure of the proposals contained in the plan." *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981). It is of "manifest importance" that the contents of a disclosure statement be "as accurate and consistent as possible." *In re Cardinal Congregate I*, 121 B.R. 760, 766 (Bankr. S.D. Ohio 1990).

12. The Goodell Class Plaintiffs object to the Disclosure Statement as it fails to satisfy section 1125(b) of the Bankruptcy Code. The Debtors' intent with respect to the ongoing Goodell Litigation is significant and must be disclosed in the Disclosure Statement. *See In re Cardinal Congregate I*, 121 B.R. 760, 767 (Bankr. S.D. Ohio 1990) ("The debtor's intentions as to these causes of action must be disclosed.").

13. There is no mention of the proposed adjudication of the Goodell Litigation following the Effective Date. In fact, there is no mention of the Goodell Litigation at all. Instead, the Disclosure Statement creates ambiguity as to whether the Goodell Plaintiffs will be permitted to pursue the Goodell Litigation following the implementation of the

permanent injunction. If the Goodell Litigation is impacted by the permanent injunction, the Goodell Class Plaintiffs' claims may be impaired by the Plan, thus entitling the Goodell Class Plaintiffs to vote.

14. Moreover, neither the Plan nor the Disclosure Statement address how claims against CC LLC will be treated. Debtor CC LLC is a defendant in the Goodell Litigation, and, therefore, the Goodell Class Plaintiffs maintain a claim against CC LLC's bankruptcy estate. The Disclosure Statement is silent as to how claims against CC LLC will be treated and as to whether such claims are impaired or unimpaired.

15. As written, the Disclosure Statement does not permit the Goodell Class Plaintiffs to make an informed judgment about the Plan, and the information contained therein is inadequate for the purposes of section 1125(b) of the Bankruptcy Code.

## Reservation of Rights

16. The Goodell Class Plaintiffs reserve all of their rights, claims, interests and remedies, including the right to file an objection to the confirmation of any plan of reorganization or liquidation on any grounds.

WHEREFORE, the Goodell Class Plaintiffs respectfully urge the Court to direct Debtors to set forth in their Disclosure Statement their intentions with respect to the Goodell Litigation, and grant the Goodell Class Plaintiffs such further and additional relief as the Court may deem just and proper.

Dated: Madison, Wisconsin
April 24, 2009

/s/ David M. Pelletier
David M. Pelletier, Esq.
Axley Brynelson, LLP
2 East Mifflin Street – Suite 200
P O Box 1767
Madison, WI 53701-1767
T: 608-260-2495
F: 608-257-5444
dpelletier@axley.com

-and-

Heath Straka, Esq.
Gingras, Cates & Luebke, S.C.
8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
straka@gcllawyers.com