**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CHARTER COMMUNICATIONS, INC., et al., | ) Case No. 09-11435 (JMP) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |

**ORDER (I) APPROVING THE DISCLOSURE
STATEMENT, (II) ESTABLISHING A RECORD DATE
FOR VOTING ON THE PLAN OF REORGANIZATION AND THE
RIGHTS OFFERING, (III) APPROVING SOLICITATION PACKAGES AND
PROCEDURES FOR THE DISTRIBUTION THEREOF, (IV) APPROVING
THE RIGHTS OFFERING PROCEDURES AND RIGHTS EXERCISE
FORM, (V) APPROVING THE FORMS OF BALLOTS AND MANNER
OF NOTICE, (VI) APPROVING THE COMMITMENT AGREEMENTS,
(VII) APPROVING THE COMMITMENT FEES, (VIII) ESTABLISHING
PROCEDURES FOR VOTING ON THE PLAN AND (IX) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN**

Upon the Motion of the above-captioned debtors (collectively, the "<u>Debtors</u>" or "<u>Charter</u>"),[1] for the entry of an order (the "<u>Disclosure Statement Order</u>") (a) approving the

---

[1] The Debtors in these cases include: Ausable Cable TV, Inc.; Hometown TV, Inc.; Plattsburgh Cablevision, Inc.; Charter Communications Entertainment I, LLC; Falcon First Cable of New York, Inc.; Charter Communications, Inc.; Charter Communications Holding Company, LLC; CCHC, LLC; Charter Communications Holdings, LLC; CCH I Holdings, LLC; CCH I, LLC; CCH II, LLC; CCO Holdings, LLC; Charter Communications Operating, LLC; American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Cable Equities Colorado, LLC; Cable Equities of Colorado Management Corp.; CC 10, LLC; CC Fiberlink, LLC; CC Michigan, LLC; CC Systems, LLC; CC V Holdings, LLC; CC VI Fiberlink, LLC; CC VI Operating, LLC; CC VII Fiberlink, LLC; CC VIII Fiberlink, LLC; CC VIII Holdings, LLC; CC VIII Leasing of Wisconsin, LLC; CC VIII Operating, LLC; CC VIII, LLC; CCH I Capital Corp.; CCH I Holdings Capital Corp.; CCH II Capital Corp.; CCO Fiberlink, LLC; CCO Holdings Capital Corp.; CCO NR Holdings, LLC; CCO Purchasing, LLC; Charter Advertising of Saint Louis, LLC; Charter Cable Leasing of Wisconsin, LLC; Charter Cable Operating Company, L.L.C.; Charter Cable Partners, L.L.C.; Charter Communications Entertainment, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment II, LLC; Charter Communications Holdings Capital Corporation; Charter Communications Operating Capital Corp.; Charter Communications Properties LLC; Charter Communications V, LLC; Charter Communications Ventures, LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications, LLC; Charter Distribution, LLC; Charter Fiberlink – Alabama, LLC; Charter Fiberlink AR-CCVII, LLC; Charter Fiberlink AZ-CCVII, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CA-CCVII, LLC; Charter Fiberlink CC VIII, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink – Georgia, LLC; Charter Fiberlink ID-CCVII, LLC; Charter Fiberlink – Illinois, LLC; Charter Fiberlink IN-CCO, LLC; Charter Fiberlink KS-CCO, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink – Michigan, LLC; Charter Fiberlink – Missouri, LLC; Charter Fiberlink MS-
(Continued…)

Disclosure Statement, (b) establishing a Record Date for voting on the Plan of Reorganization and the Rights Offering, (c) approving Solicitation Packages and Solicitation Procedures, (d) approving the Rights Offering Procedures and Rights Exercise Form, (e) approving the Forms of Ballots and manner of notice, (f) approving the Commitment Agreements, (g) approving the Commitment Fees, (h) establishing procedures for voting on the Plan and (i) scheduling a hearing and establishing notice and objection procedures for the Confirmation of the Plan, all as more fully set forth in the Motion[2]; and the Bankruptcy Court having jurisdiction to consider the Motion; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with this Bankruptcy Court the Debtors' Disclosure Statement Pursuant to Chapter 11 of the Bankruptcy Code (the "<u>Disclosure Statement</u>"), dated March 27, 2009 and the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "<u>Plan</u>"), dated March 27, 2009; and the Bankruptcy Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof, and

---

CCVI, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NC-CCVII, LLC; Charter Fiberlink – Nebraska, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NM-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink NY-CCVII, LLC; Charter Fiberlink OH-CCO, LLC; Charter Fiberlink OK-CCVII, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink SC-CCVII, LLC; Charter Fiberlink – Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink UT-CCVII, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; Charter Fiberlink – Wisconsin, LLC; Charter Fiberlink WV-CCO, LLC; Charter Fiberlink, LLC; Charter Gateway, LLC; Charter Helicon, LLC; Charter Investment, Inc.; Charter RMG, LLC; Charter Stores FCN, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Enstar Communications Corporation; Falcon Cable Communications, LLC; Falcon Cable Media, a California Limited Partnership; Falcon Cable Systems Company II, L.P.; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Community Ventures I, LP; Falcon First Cable of the Southeast, Inc.; Falcon First, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; Helicon Partners I, L.P.; HPI Acquisition Co., L.L.C.; Interlink Communications Partners, LLC; Long Beach, LLC; Marcus Cable Associates, L.L.C.; Marcus Cable of Alabama, L.L.C.; Marcus Cable, Inc.; Midwest Cable Communications, Inc.; Pacific Microwave; Peachtree Cable TV, L.P.; Peachtree Cable T.V., LLC; Renaissance Media LLC; Rifkin Acquisition Partners, LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Tioga Cable Company, Inc.; and Vista Broadband Communications, LLC.

the responses thereto, if any; and the Bankruptcy Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED

1. The motion is granted.

2. The Solicitation Procedures are incorporated herein by reference and form an integral and indivisible part of this Order, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

3. Ballots will be provided to holders of claims and interests in Classes A-3, A-4, B-3, B-4, C-3, C-4, D-3, E-3, E-4, F-3, F-4, G-3, G-4, H-3, H-4, I-5, J-2, and J-6 because these claims and interests are classified as being impaired by, and entitled to vote under, the Plan.

4. The Ballots, including the Master Ballots, annexed to this Order as **Exhibit A** and **Exhibit B**, respectively (a) are consistent with Official Form No. 14, (b) adequately address the particular needs of these chapter 11 cases, (c) are appropriate for each Class of Claims or Equity Interests entitled to vote to accept or reject the Plan, and (d) comply with Bankruptcy Rule 3017(d). The appropriate Ballots and Master Ballots shall be distributed to holders of Claims or Equity Interests for those Classes entitled to vote to accept or reject the Plan.

5. Ballots need not be provided to Holders of Claims in Classes A-5, C-5, D-4, E-5, F-5, G-5, and H-5 and Holders of Equity Interests in Classes A-6, C-6, D-5, E-6, F-6, G-6 and H-6 because these classes are classified as being impaired by the Plan and are conclusively presumed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

6. Ballots need not be provided to Holders of Claims in Classes A-1, A-2, B-1, B-2, C-1, C-2, D-1, D-2, E-1, E-2, F-1, F-2, G-1, G-2, H-1, H-2, I-1, I-2, I-3, I-4, J-1, J-3, J-4, and J-5 and Holders of Equity Interests in Classes I-6 and J-7 because these classes are classified as unimpaired by the Plan and are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

7. Pursuant to Bankruptcy Rule 3018(a), the record date for purposes of determining which Holders of Claims and Equity Interests are entitled to receive Solicitation Packages and, where applicable, vote on the Plan shall be April 17, 2009 (the "Record Date"), 12 days prior to the date the Disclosure Statement Hearing was originally scheduled to commence. The Debtors shall specify the Record Date in the Confirmation Hearing Notice. Only Holders of Claims as of the Record Date shall be entitled to vote to accept or reject the Plan, and where applicable, make any election set forth on the Ballot or participate in the Rights Offering.

8. The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for (a) creditors to make informed decisions to accept or reject the Plan and submit timely Ballots to the Voting and Claims Agent or the Securities Voting Agent, as applicable, and (b) Nominees for Beneficial Owners of the Claims in Classes A-4, E-4, F-4, G-4 and H-4 to distribute the Ballots to Beneficial Owners, for such Beneficial Owners to complete and timely submit such Ballots to the Nominees and for the Nominees to complete and timely submit Master Ballots to the Securities Voting Agent.

9. The contents of the Solicitation Packages, including the Confirmation Hearing Notice annexed to this Order as **Exhibit C**, comply with Bankruptcy Rules 2002 and 3017, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and are thus hereby approved.

10. The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code, as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

11. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Equity Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan (including the third-party release set forth in Article X.E of the Plan), in satisfaction of the requirements of Bankruptcy Rule 3016(c).

12. The Disclosure Statement Hearing Notice, attached hereto as **Exhibit D** and incorporated by reference herein, filed by the Debtors and served upon parties in interest in these chapter 11 cases on March 27, 2009, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and is hereby approved.

13. The Solicitation Procedures, annexed hereto as **Exhibit E** and incorporated by reference herein, set forth procedures for the Debtors to solicit, receive and tabulate votes to accept the Plan and are hereby approved. ~~provided, however, that the Debtors reserve the right to amend or supplement the Solicitation and Voting Procedures set forth in the Motion where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.~~ *JMP 5/7/09*

14. The Rights Offering Procedures, annexed hereto as **Exhibit F** and incorporated by reference herein, will allow the Debtors to transmit to Eligible Holders the materials necessary to

participate in the Rights Offering efficiently, afford such Eligible Holders a fair and reasonable opportunity to subscribe for the Class A Common Stock, and are thus hereby approved.

15. The Rights Exercise Form, annexed hereto as **Exhibit G** and incorporated by reference herein, clearly states the Rights that Eligible Holders will be able to exercise in connection with the Rights Offering and, accordingly, is hereby approved.

16. The Rights Offering and Solicitation Timeline is established (subject to modification as needed).

- **(a)** **Record Date**

  - April 17, 2009, 12 days prior to the originally scheduled commencement of the Disclosure Statement Hearing, as the Record Date for purposes of determining which creditors are entitled to vote on the Plan and to participate in the Rights Offering.

- **(b)** **Questionnaire Distribution Date**

  - April 17, 2009, 12 days prior to the originally scheduled commencement of the Disclosure Statement Hearing, as the date the Debtors distribute a questionnaire (the "Questionnaire") to each Holder of a CCH I Notes Claim seeking affirmation from such Holder that the Holder is either a Qualified Institutional Buyer ("QIB"), an accredited investor ("Accredited Investor") or neither (the "Questionnaire Distribution Date").

  - Pursuant to the Questionnaire, Holders of CCH I Notes Claim will have to declare themselves as a QIB, an Accredited Investor, or neither. If the Holder of a CCH I Notes Claim declares as an Eligible Holder, copies of the Rights Offering Procedures and Rights Exercise Form will be sent to them. If the Holder certifies as "neither" (a "Non-Eligible Holder"), the Non-Eligible Holder of a CCH I Notes Claim is entitled to receive Common Stock in an amount equivalent the value of their rights as per the Plan. A Holder that does not fill out a Questionnaire receives no distribution with respect to the Rights Offering.

- **(c)** **Disclosure Statement Hearing Date**

  - May 5, 2009, as the date on which the hearing to consider approval of the Disclosure Statement will commence (the "Disclosure Statement Hearing Date").

**(d) Questionnaire Deadline**

- May 11, 2009, 24 days following the Questionnaire Distribution Date, as the deadline for return of the Questionnaires to the Securities Voting Agent (the "Questionnaire Deadline")

**(e) Solicitation Date**

- 7 days following the entry of the Disclosure Statement Order, as the date the Debtors will distribute Solicitation Packages and the Disclosure Statement to the Solicitation Parties (the "Solicitation Date").

**(f) Rights Offering Commencement Date**

- May 13, 2009, 2 business days following the Questionnaire Deadline, as the date on which the Debtors will launch the Rights Offering (the "Rights Offering Commencement Date").

**(g) Rights Offering Distribution Period**

- The period from May 13, 2009 through June 11, 2009, the 20 business day period following the Rights Offering Commencement Date, will be the period during which the Debtors will distribute copies of the Rights Offering Procedures and Rights Exercise Form to Eligible Holders of CCH I Notes Claims who return a Questionnaire to the Debtors (the "Rights Offering Period").

- The Rights Offering Period is subject to the Right of First Refusal (as defined herein).

- Eligible Holders of CCH I Notes Claims will be entitled to transfer or exercise their Rights during the Rights Offering Period only.

**(h) CCH II Exchange Election Deadline**

- June 8, 2009, as the deadline by which all CCH II Exchange elections must be properly executed, completed, and delivered so that they are **actually effected** by the Nominee holding the CCH II Notes.

**(i) Expiration Date and Extension Expiration Date**

- June 11, 2009, 20 business days following the Rights Offering Commencement Date, as the deadline for eligible Holders of CCH I Notes to elect to participate in the Rights Offering (the "Expiration Date"), which date is subject to an extension of up to 5 business days following the notification of the non exercise of the applicable Right of First Refusal to allow the completion of necessary documentation, under certain circumstances (as detailed in the Rights Offering Procedures) (the "Extension Expiration Date").

> All Rights Offering exercise forms and payments are due from Eligible Holders seeking to exercise their rights pursuant to the Rights Offering (with the exception of the members of the Crossover Committee) on or before the Expiration Date or Extension Expiration Date, as appropriate.

**(j)** **Voting Deadline**

- 5 p.m. (Prevailing Eastern Time) on June 15, 2009, 41 days following the Disclosure Statement Hearing Date, as the deadline by which <u>all</u> Ballots and Master Ballots must be properly executed, completed, and delivered so that they are **actually received** by the Voting and Claims Agent or Securities Voting Agent, as applicable (the "<u>Voting Deadline</u>").

**(k)** **Rights and Transfers Settlement Date**

- Any transfers of Rights prior to the Expiration Date shall be subject to the Backstop Parties' right of first refusal (the "<u>Right of First Refusal</u>"), as detailed in the Rights Offering Procedures.

- June 18, 2009, 25 business days following the Rights Offering Commencement Date, as the date in which the final rights and trades settle.

**(l)** **Unexercised Rights Notice Date**

- Five business days after the date on which Rights can no longer be exercised, as the date on which notice is given to the Backstop Parties concerning their unexercised rights.

**(m)** **Committee Funding Deadline**

- The later of (a) July 27, 2009 and (b) the date that is two business days following the Court's entry of an Order confirming the Plan, as the deadline for the participating members of the Crossover Committee to fund all three of the Commitment Agreements.

17. The Debtors are authorized to distribute the Solicitation Packages without the Plan Supplement and are directed to file the Plan Supplement with the Bankruptcy Court and serve the Plan Supplement on (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the agent under the Debtors' prepetition first lien credit facility; (d) counsel to the agent under the Debtors' prepetition junior credit facility; (e) the counterparties to those certain interest rate swap

agreements with CCO; (f) counsel to the unofficial committee of unaffiliated holders of those certain CCH I and CCH II notes issuances; (g) counsel to the unofficial committee of unaffiliated holders of those certain CCH II note issuances; (h) the indenture trustees for those indentures to which a Debtor is a party; (i) counsel to Vulcan Inc.; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the Federal Communications Commission; (m) the Office of the Attorney General in all of the states in which the Debtors operate; and (n) any applicable state public utilities commissions required to receive notice under the Bankruptcy Rules or Local Rules. Debtors simultaneously shall make available for viewing the Plan Supplement at www.kccllc.net/charter.

18. With respect to Holders of Claims and Equity Interests not entitled to vote to accept or reject the Plan pursuant to sections 1126(f) or 1126(g) of the Bankruptcy Code, the Debtors shall mail the appropriate Notice of Non-Voting Status, substantially in the forms of **Exhibit H** and **Exhibit I**, respectively, annexed to this Order; provided, however, that the Notices of Non-Voting Status shall provide that a copy of the Plan and Disclosure Statement may be viewed at www.kccllc.net/charter, or obtained free of charge by contacting the Voting and Claims Agent at (866) 967-0266.

19. With respect to Holders of Disputed Claims, the Debtors shall mail the Disputed Claim Notice substantially in the form of **Exhibit J**, annexed to this Order; provided, however, that the Disputed Claim Notice shall provide that a copy of the Plan and Disclosure Statement may be viewed at www.kccllc.net/charter, or obtained free of charge by contacting the Voting and Claims Agent at (866) 967-0266.

20. With respect to counterparties to executory contracts or unexpired leases with one or more of the Debtors that have not been assumed or rejected as of the Record Date, the Debtors

shall mail the Notice to Contract-Lease Parties substantially in the form **Exhibit K**, annexed to this Order; provided, however, that the Notice to Contract-Lease Parties shall provide that a copy of the Plan and Disclosure Statement may be viewed at www.kccllc.net/charter, or obtained free of charge by contacting the Voting and Claims Agent at (866) 967-0266.

21. With respect to Holders of Charter's publicly traded common stock as reflected in the records maintained by the Debtors' transfer agent(s) as of the close of business on the Record Date, the Debtors shall mail the Notice to Holders of Charter's publicly traded common stock substantially in the form **Exhibit L**, annexed to this Order; provided, however, that the Publicly Traded Stockholder Notice shall provide that a copy of the Plan and Disclosure Statement may be viewed at www.kccllc.net/charter, or obtained free of charge by contacting the Voting and Claims Agent at (866) 967-0266.

22. With respect to entities at addresses from which Disclosure Statement Hearing Notices were returned as undeliverable by the United States Postal Service, the Debtors are excused from distributing Solicitation Packages to those entities unless the Debtors are able, using reasonable efforts, to obtain an accurate address for such entities before the Solicitation Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

23. The Confirmation Hearing will be held on **July 20, 2009 at 10:00 a.m. (prevailing Eastern Time)**; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing; provided, further, however, that notice of any such adjournments will be set forth on

(a) the Court's website at www.nysb.uscourts.gov for registered users of the Public Access to Court Electronic Records (PACER) System and (b) the Voting and Claims Agent's website at www.kccllc.net/charter. Objections, if any, to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection to the confirmation of the Plan, and (d) be filed, together with proof of service, with the Court and served so that they are received no later than **July 13, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline") by the following parties (collectively, the "Notice Parties").

| |
|---|
| **Kirkland & Ellis LLP** <br> Attn: Stephen E. Hessler <br> Citigroup Center <br> 153 East 53rd Street <br> New York, New York 10022-4611 <br> *Counsel to the Debtors* |
| **Simpson Thacher & Bartlett LLP** <br> Attn: Peter V. Pantaleo <br> 425 Lexington Avenue <br> New York, New York 10017-3954 <br> *Counsel to the Agent for the Debtors' Prepetition First Lien Facility* |

| |
|---|
| **Nixon Peabody LLP**<br>Attn: Michelle Ross<br>437 Madison Avenue<br>New York, New York 10022<br>*Counsel to the Agent for the Debtors' Prepetition Junior Facility and Certain of the Lenders Thereunder* |
| **Brown Rudnick LLP**<br>Attn: Daniel J. Saval<br>7 Times Square<br>New York, New York 10036<br>*Counsel to the Agent for the Debtors' Prepetition Junior Facility and Certain of the Lenders Thereunder* |
| **Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>Attn: Alan W. Kornberg<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>*Counsel to the Agent for the Debtors' Unofficial Committee of Unaffiliated Holders of Those Certain CCH I and CCH II Notes Issuances*<br>**Kasowitz, Benson, Torres & Friedman LLP**<br>Attn: David S. Rosner<br>1633 Broadway<br>New York, New York 10019<br>*Counsel to the Unofficial Committee of Unaffiliated Holders of Those Certain CCH II Note Issuances*<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>Attn: Jay M. Goffman<br>4 Times Square<br>New York, New York 10036<br>*Counsel to Vulcan, Inc.*<br>**Togut, Segal & Segal, LLP**<br>Attn: Albert Togut<br>Attn: Frank Oswald<br>One Penn Plaza<br>New York, New York 10119<br>*Counsel to Charter Investment, Inc.*<br>**Ropes & Gray LLC**<br>Attn: Mark R. Somerstein<br>Attn: Keith Wofford<br>1211 Avenue of the Americas<br>New York, New York 10036-8704 |
| **The Office of the United States Trustee for the Southern District of New York**<br>Attn: Paul Schwartzberg<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

24. The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit C** and incorporated herein by reference, setting forth (a) the Voting Deadline, (b) the deadline for exercising Rights, (c) the time fixed for filing objections to confirmation of the Plan, and the manner in which such objections shall be filed, and (d) the time, date, and place for the Confirmation Hearing, provides adequate notice of the Confirmation Hearing and, accordingly, is hereby approved.

25. In the event that multiple objections to confirmation of the Plan are filed by the Confirmation Objection Deadline, the Debtors and any other party in interest are authorized to file a single, omnibus reply to such objections.

26. The certification of Ballots shall be filed no later than one (1) calendar day prior to the Confirmation Hearing.

27. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Master Ballots, Confirmation Hearing Notice, Rights Exercise Form, and related documents by filing an errata sheet with the Court. These non-substantive changes shall include, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

28. The Debtors are authorized to (a) enter into the Commitment Agreements, annexed hereto as **Exhibit M** and incorporated by reference herein, (b) effectuate the transactions contemplated thereunder, and (c) pay the Commitment Fees; provided however that the Commitment Fees are not deemed earned until entry of the Confirmation Order and not payable until the effective date of the Plan.

29. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

30. All time periods set forth herein shall be calculated in accordance with Bankruptcy Rule 9006(a).

31. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

32. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable upon its entry.

Dated: New York, New York                 *s/ James M. Peck*
       May 7, 2009                      United States Bankruptcy Judge