**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CHARTER COMMUNICATIONS, INC., et al., | ) ) ) | Case No. 09-11435 (JMP) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER AUTHORIZING AND APPROVING
PROCEDURES FOR SETTLING CERTAIN CLAIMS AND
CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Charter</u>"),[2] seeking entry of an order, pursuant to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these cases include: Ausable Cable TV, Inc.; Hometown TV, Inc.; Plattsburgh Cablevision, Inc.; Charter Communications Entertainment I, LLC; Falcon First Cable of New York, Inc.; Charter Communications, Inc.; Charter Communications Holding Company, LLC; CCHC, LLC; Charter Communications Holdings, LLC; CCH I Holdings, LLC; CCH I, LLC; CCH II, LLC; CCO Holdings, LLC; Charter Communications Operating, LLC; American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Cable Equities Colorado, LLC; Cable Equities of Colorado Management Corp.; CC 10, LLC; CC Fiberlink, LLC; CC Michigan, LLC; CC Systems, LLC; CC V Holdings, LLC; CC VI Fiberlink, LLC; CC VI Operating, LLC; CC VII Fiberlink, LLC; CC VIII Fiberlink, LLC; CC VIII Holdings, LLC; CC VIII Leasing of Wisconsin, LLC; CC VIII Operating, LLC; CC VIII, LLC; CCH I Capital Corp.; CCH I Holdings Capital Corp.; CCH II Capital Corp.; CCO Fiberlink, LLC; CCO Holdings Capital Corp.; CCO NR Holdings, LLC; CCO Purchasing, LLC; Charter Advertising of Saint Louis, LLC; Charter Cable Leasing of Wisconsin, LLC; Charter Cable Operating Company, L.L.C.; Charter Cable Partners, L.L.C.; Charter Communications Entertainment, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment II, LLC; Charter Communications Holdings Capital Corporation; Charter Communications Operating Capital Corp.; Charter Communications Properties LLC; Charter Communications V, LLC; Charter Communications Ventures, LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications, LLC; Charter Distribution, LLC; Charter Fiberlink – Alabama, LLC; Charter Fiberlink AR-CCVII, LLC; Charter Fiberlink AZ-CCVII, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CA-CCVII, LLC; Charter Fiberlink CC VIII, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink – Georgia, LLC; Charter Fiberlink ID-CCVII, LLC; Charter Fiberlink – Illinois, LLC; Charter Fiberlink IN-CCO, LLC; Charter Fiberlink KS-CCO, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink – Michigan, LLC; Charter Fiberlink – Missouri, LLC; Charter Fiberlink MS-CCVI, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NC-CCVII, LLC; Charter Fiberlink – Nebraska, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NM-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink NY-CCVII, LLC; Charter Fiberlink OH-CCO, LLC; Charter Fiberlink OK-CCVII, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink SC-CCVII, LLC; Charter Fiberlink – Tennessee, LLC; Charter Fiberlink TX-

sections 105(a) and 363(b) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, authorizing and approving procedures for settling certain claims and causes of action brought by or against the Debtors; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted as set forth herein in its entirety.

2. The Debtors are authorized to settle claims and causes of action that have been or will be asserted through litigation, administrative action, or arbitration in appropriate forums, both prepetition and postpetition, for de minimis recovery amounts (the "De Minimis Claims") of (a) non-insider[3] third parties (the "Settling Parties") against the Debtors, or (b) the Debtors against the Settling Parties, as well as any cross-claims and counter-claims against the

---

CCO, LLC; Charter Fiberlink UT-CCVII, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; Charter Fiberlink – Wisconsin, LLC; Charter Fiberlink WV-CCO, LLC; Charter Fiberlink, LLC; Charter Gateway, LLC; Charter Helicon, LLC; Charter Investment, Inc.; Charter RMG, LLC; Charter Stores FCN, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Enstar Communications Corporation; Falcon Cable Communications, LLC; Falcon Cable Media, a California Limited Partnership; Falcon Cable Systems Company II, L.P.; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Community Ventures I, LP; Falcon First Cable of the Southeast, Inc.; Falcon First, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; Helicon Partners I, L.P.; HPI Acquisition Co., L.L.C.; Interlink Communications Partners, LLC; Long Beach, LLC; Marcus Cable Associates, L.L.C.; Marcus Cable of Alabama, L.L.C.; Marcus Cable, Inc.; Midwest Cable Communications, Inc.; Pacific Microwave; Peachtree Cable TV, L.P.; Peachtree Cable T.V., LLC; Renaissance Media LLC; Rifkin Acquisition Partners, LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Tioga Cable Company, Inc.; and Vista Broadband Communications, LLC.

[3] For purposes hereof, a non-insider will mean any Settling Party that is not an "insider," as such term is defined in Section 101(31) of the Bankruptcy Code.

Debtors by Settling Parties (or against the Settling Parties by the Debtors), in accordance with the following Settlement Procedures:

    (a)    no settlement will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of: (i) the probability of success if the claim is litigated or arbitrated; (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (iii) other factors relevant to assessing the wisdom of the settlement; and (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors, and shareholders;

    (b)    no settlement will be effective unless it is executed by an authorized representative of the Debtors;

    (c)    with respect to any Settlement Amount that is equal to or less than $250,000, in consultation with counsel to the Creditors' Committee, the Debtors, in the reasonable exercise of their business judgment, may agree to settle such claim or cause of action on any reasonable terms, and may enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors and the Settling Parties without notice by the Debtors to any third party or further action by this Court;

    (d)    with respect to any Settlement Amount that is greater than $250,000 but does not exceed $2,000,000, the Debtors, in the reasonable exercise of their business judgment, may agree to settle such claim or cause of action, provided (i) the Debtors provide written notice to the U.S. Trustee, counsel to the Creditors' Committee, counsel to the agents for the Debtors' prepetition first, second, and third lien credit facilities, counsel to the unofficial committee of unaffiliated holders of those certain CCH I and CCH II notes issuances, and counsel to Vulcan Inc. (the "Negative Notice Parties") of the terms of the settlement; and (ii) such terms are not objected to in writing by any of the Negative Notice Parties within ten (10) days after the date of delivery of such written notice (which time period can be extended by the Debtors, in their discretion) by filing such objection with this Court and serving such objection on Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022 (Attn: Paul M. Basta & Stephen E. Hessler) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Ray C. Schrock), so that it is received on or before the tenth day after the date of delivery of such written notice (or before the expiration of any extended objection period). The Debtors and their professionals will cooperate with and respond to questions posed by the Negative Notice Parties. In the absence of any such objection, the Debtors may enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without further Court order;

(e) if any of the Negative Notice Parties properly and timely object to any proposed settlement within ten (10) days after the date of delivery of the notice of such proposed settlement (or before the expiration of any extended objection period), and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the parties in question, or (ii) further order of the Court after a hearing; and

(f) any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.

3. In connection with the Settlement Procedures, the Debtors are authorized but not required to agree to the modification of the automatic stay of Section 362 of the Bankruptcy Code to allow an entity requesting such relief (the "Claimant") to continue prosecuting litigation on account of which the Debtors have potential insurance coverage without further Court approval (the "Lift Stay Agreement"); provided, however, that at a minimum each Claimant: (a) waives all related claims against the Debtors and their estates, and (b) agrees to enforce any claim (and any judgment on account of such claim) solely with respect to applicable insurance proceeds, if any. The Debtors, in consultation with counsel to the Creditors' Committee, shall file an executed stipulation evidencing such Lift Stay Agreement, which shall be effective immediately upon the filing thereof.

4. The Settlement Procedures shall not alter any requirements under the Debtors' insurance policies.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York  　　　　　　　　　*s/ James M. Peck*
　　　May 21, 2009　　　　　　　　　　　　United States Bankruptcy Judge