GOLENBOCK EISEMAN ASSOR
   BELL & PESKOE LLP
Douglas L. Furth, Esq.
Dallas L. Albaugh, Esq.
437 Madison Avenue
New York, New York 10022
Tel: 212-907-7300
Fax: 212-754-0330

*Counsel to HSBC Bank USA, National Association,*
*Successor Indenture Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| CHARTER COMMUNICATIONS, INC. *et al.*, | : | Case No. 09-11435 (JMP) |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------------x

## LIMITED OBJECTION
### OF HSBC BANK USA, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE TO DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED MAY 7, 2009

HSBC Bank USA, National Association ("HSBC"), as the successor Indenture Trustee

for the 8.75% Senior Notes due 2013 (the "Notes"), issued by CCO Holdings, LLC and CCO

Holdings Capital Corp. (collectively, the "Issuers") under that certain Indenture dated as of

November 10, 2003 (the "Indenture") hereby objects to confirmation of the Debtors' Joint Plan

of Reorganization pursuant to Chapter 11 of the United States Bankruptcy Code dated May 7,

2009 (the "Plan"). A copy of the Indenture is attached hereto as Exhibit 1. In support thereof,

HSBC respectfully states:

## Background

1.      HSBC is a national banking association duly organized and existing under the laws of the United States of America which maintains its Corporate Trust and Loan Agency office at 452 Fifth Avenue, New York, New York 10018.

2.      HSBC became successor Indenture Trustee under the Indenture pursuant to the Instrument of Resignation, Appointment and Acceptance, dated as of April 9, 2009, by and among HSBC, as successor Indenture Trustee, Wilmington Trust Company, as resigning Indenture Trustee, and the Issuers.

3.      On March 27, 2009, the Issuers and certain of their subsidiaries and affiliates (collectively, the "Debtors") filed petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. (the "Court")

## Treatment of 8 75% Note Holder Claims Under the Plan

4.      The Plan, which amended a prior chapter 11 plan for the Debtors, was filed on May 7, 2009. By order of the same date, the Court entered an order which, among other things, approved a disclosure statement for the Plan.

5.      The Plan defines the claim of HSBC under the Indenture as a CCOH Notes Claim and classifies such claim in Class I-2. Article IV I-2 of the Plan provides that "Each Allowed CCOH Notes Claim shall be reinstated and rendered Unimpaired in accordance with section 1124 of the Bankruptcy Code." Article 1 A-190 of the Plan provides that the term "'Unimpaired' has the meaning set forth in section 1124 of the Bankruptcy Code." The Plan does not specify what it intends to pay in respect of CCOH Notes Claims in order to render such claims unimpaired nor does it provide a mechanism for liquidating such amount.

6. Further, there is no bar date order in the case and the Plan lacks a clear mechanism to join issue, if necessary, to determine whether a Claim (as defined in the Plan) is Allowed (as defined in the Plan).

## Bankruptcy Code Section 1124

7. Section 1124 of the Bankruptcy Code does not in fact use the term "unimpaired." Rather section 1124 of the Bankruptcy Code provides that a class of claims is impaired unless the Plan does one of two things.

8. Under section 1124(1) of the Bankruptcy Code, a class of claims is not impaired if it leaves unaltered the legal, equitable or contractual rights of the holders of claims in that class. Section 1124(1) is inapposite in the case of the holders of the CCOH Notes Claims because reinstatement of the CCOH Notes Claims in fact alters the contractual rights of the holders due to the fact that there are defaults, including payment defaults, under the Indenture and HSBC and the holders of CCOH Notes Claims are contractually entitled to demand default interest. The Issuers have defaulted, *inter alia*, under Paragraph 6.01(1) and (2) of the Indenture by failing to make payments due under the Indenture on May 15, 2009. Paragraph 1 of the note attached to the Indenture provides:

> The Issuers shall pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue principal and premium, if any, from time to time on demand at a rate that is 2% per annum in excess of the rate then in effect; they shall pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue installments of interest (without regard to any applicable grace periods) from time to time on demand at the same rate.

Accordingly, HSBC and the holders of the CCOH Notes have the contractual right to demand default interest.[1]

---

[1] The fact that HSBC and the note holders are stayed by Bankruptcy Code § 362 from exercising this right does not mean that it is not a contractual right.

9.    Alternatively section 1124(2) of the Bankruptcy Code provides that a class of

claims is not impaired if, with exceptions not applicable here,[2] defaults are cured.  Section

1124(2) provides:

> (2)    notwithstanding any contractual provision or applicable law
> that entitles the holder of such claim or interest to demand or receive
> accelerated payment of such claim or interest after the occurrence of a
> default --
>
> (A) cures any such default that occurred before or after the
> commencement of the case under this title, other than a default of a kind
> specified in section 365(b)(2) of this title or of a kind that section
> 365(b)(2) expressly does not require to be cured;
>
> (B) reinstates the maturity of such claim or interest as such
> maturity existed before such default;
>
> (C) compensates the holder of such claim or interest for any
> damages incurred as a result of any reasonable reliance by such holder on
> such contractual provision or such applicable law;
>
> (D) if such claim or such interest arises from any failure to
> perform a nonmonetary obligation, other than a default arising from
> failure to operate a nonresidential real property lease subject to section
> 365(b)(1)(A), compensates the holder of such claim or such interest (other
> than the debtor or an insider) for any actual pecuniary loss incurred by
> such holder as a result of such failure; and
>
> (E) does not otherwise alter the legal, equitable or
> contractual rights to which such claim or interest entitles the holder of
> such claim or interest.

11 U.S.C. §1124(2) (emphasis supplied).  In the instant case, there is a monetary default as of

May 15, 2009 and HSBC and the holders of the CCOH Notes have a contractual right to

damages, *i.e.* default interest at the rate of 2% *per annum* over the non-default rate of interest

under the Indenture, as a result of such default.  The structure of section 1124(2) makes clear that

damages in the form of default interest must be paid in respect of monetary defaults, whether

occurring on a pre or post petition basis.

---

[2]  So called *ipso fact* defaults, *i.e.* defaults that exist as a result of the fact of the commencement of a bankruptcy
case, need not be cured under Bankruptcy Code § 1124(2).  In the instant case, however, there is a monetary default.

## The Limited Objection

10.    The Plan, however, does not specify that it will cure defaults under the Indenture by paying default interest on existing monetary defaults.  To the extent that the Plan does not provide for payment of default interest, it cannot satisfy section 1124(2).[3]

11.    Further, the Plan does not state that it will pay HSBC its fees and expenses including those of its counsel, items that also must be paid under the Indenture and must be paid in order to reinstate the debt.  *See* Indenture ¶ 7.07.

12.    Finally, the Plan must provide a mechanism by which the CCOH Notes Claims can become Allowed (as that term is defined in the Plan).

13.    Accordingly, HSBC objects to the Plan to the extent that it does not provide (a) for payment of default interest in respect of the CCOH Notes from and after May 15, 2009 until paid, (b) for payment of HSBC's reasonable fees and expenses and those of its attorneys and (c) a mechanism for the CCOH Notes Claim to become Allowed (as such term is defined in the Plan).

## Reservation of Rights

14.    HSBC reserves the right to supplement this objection in that event that the Plaintiffs prevail in Adversary Proceeding No. 09-01132 (JMP) in which case there will be cross-defaults under the Indenture that will require the payment of default interest from prior periods.

---

[3]  The Disclosure Statement for the Plan estimates the Allowed amount of the CCOH Notes Claim at $822,471,731. This estimate is of course not binding and it clearly does not contemplate payment of default interest.  Further, HSBC does not understand this calculation.  HSBC calculates the aggregate amount of its claim as of August 15, 2009 to be $840,948,470.34, exclusive of fees and expenses, with interest accruing thereafter at the rate of $454,983 per day.

WHEREFORE HSBC respectfully requests that the Court enter an order confirming the Plan provide that such order expressly provide (a) for payment of default interest in respect of the CCOH Notes from and after May 15, 2009 until paid, (b) for payment of HSBC' reasonable fees and expenses and those of its attorneys and (c) a mechanism for the CCOH Notes Claim to become Allowed (as such term is defined in the Plan).

Dated: New York, New York
      July 10, 2009

> GOLENBOCK EISEMAN ASSOR BELL
>   & PESKOE LLP
> Counsel to HSBC Bank USA, National
> Association
> 437 Madison Avenue - 35th Floor
> New York, New York 10022
> (212) 907-7300
>
> By: _____
>       Douglas L. Furth, Esq.