Richard M. Cieri
Paul M. Basta
Stephen E. Hessler
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Ray C. Schrock
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Counsel to the Debtors and Debtors in Possession
(other than Charter Investment, Inc.)

- and -

Albert Togut
Frank A. Oswald
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258

Counsel to the Debtor and Debtor in Possession
Charter Investment, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CHARTER COMMUNICATIONS, INC., et al., | Case No. 09-11435 (JMP) |
| Debtors. | Jointly Administered |

| | )
|---|---|
| JPMORGAN CHASE BANK, N.A., | )
| as Administrative Agent, | )
| | )
| Plaintiff, | ) Adversary Proceeding
| | ) Case No. 09-01132 (JMP)
| -against- | )
| | )
| CHARTER COMMUNICATIONS | )
| OPERATING, | )
| LLC and CCO HOLDINGS, LLC, | )
| | )
| Defendants. | )
| | )

## NOTICE OF PRESENTMENT OF PRE-TRIAL SCHEDULING ORDER

PLEASE TAKE NOTICE that the undersigned will present the attached Stipulation and Order Regarding Trial Procedures to the Honorable James M. Peck, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in Room 601, One Bowling Green, New York, New York 10004-1408, for signature on **Thursday, July 16, 2009 at 12:00 p.m. (Prevailing Eastern Time).**

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the relief requested in the Stipulation and Order Regarding Trial Procedures must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3 ½ inch disk, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly

to Chambers) and served in accordance with General Order M-182 or by first-class mail upon each of the following: (a) Charter Communications, Inc. and its debtor affiliates (collectively, the "Debtors" or "Charter") and their counsel; (b) the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, Esq.); (c) counsel to the agent under the Debtors' prepetition first lien credit facility; (d) counsel to the agent under the Debtors' prepetition second lien credit facility; (e) counsel to the agent under the Debtors' prepetition third lien credit facility; (f) the counterparties to those certain interest rate swap agreements with Charter Communications Operating, LLC; (g) counsel to the official committee of unsecured creditors; (h) counsel to the unofficial committee of unaffiliated holders of those certain CCH I, LLC and CCH II, LLC notes issuances; (i) counsel to the unofficial committee of unaffiliated holders of those certain CCH II, LLC note issuances; (j) the indenture trustees for those indentures to which a Debtor is a party; (k) counsel to Vulcan Inc.; (l) the Internal Revenue Service; (m) the Securities and Exchange Commission; (n) the Federal Communications Commission; (o) the Office of the Attorney General in all of the states in which the Debtors operate; and (p) any applicable state public utilities commissions required to receive notice under the Bankruptcy Rules or Local Rules, so as to be actually received no later than **Thursday, July 16, 2009 at 11:00 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that, if no objections to the Stipulation and Order Regarding Trial Procedures are timely filed, served and received in accordance with the terms hereof, the Bankruptcy Court may enter an order approving the Stipulation and Order Regarding Trial Procedures without further notice or hearing. If an objection is timely filed, served and received with respect to the Stipulation and Order Regarding Trial Procedures, a hearing will be

scheduled by the Bankruptcy Court. The parties are required to attend the hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default.

New York, New York
Dated: July 13, 2009

/s/ *Paul M. Basta*
Richard M. Cieri
Paul M. Basta
Stephen E. Hessler
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Ray C. Schrock
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*Counsel to the Debtors
and Debtors in Possession (other than Charter
Investment, Inc.)*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHARTER COMMUNICATIONS, INC., et al., | Case No. 09-11435 (JMP) |
| Debtors. | Jointly Administered |
| JPMORGAN CHASE BANK, N.A., as Administrative Agent, | |
| Plaintiff, | Adversary Proceeding Case No. 09-01132 (JMP) |
| -against- | |
| CHARTER COMMUNICATIONS OPERATING, LLC and CCO HOLDINGS, LLC, | |
| Defendants. | |

## STIPULATION AND ORDER REGARDING TRIAL PROCEDURES

Upon the Debtors' Notice of Presentment of Stipulation and Order Regarding Trial Procedures, it is hereby ORDERED that the following trial procedures shall apply to the above-captioned Chapter 11 cases and adversary proceeding:

A.  **Order of Presentation of Proof**

    1. The Debtors and any party supporting confirmation of the Plan shall present in the Debtors' case-in-chief their affirmative evidence in support of the confirmation issues upon which the Debtors bear the burden of proof.

    2. Following the completion of the Debtors' case-in-chief, J.P. Morgan Chase Bank N.A. ("JPM"), for itself and as Administrative Agent for the First-lien Secured

Prepetition Lenders, shall present all affirmative and rebuttal evidence in support of its Plan confirmation objections and claims in the adversary proceeding.

3. Following the completion of JPM's case-in-chief, any other party objecting to the Plan shall present all affirmative and rebuttal evidence in support of its objections.

4. The Debtors and any party supporting confirmation may present evidence to rebut evidence introduced by JPM or any other party. In the event that the rebuttal evidence addresses any new matters not previously raised, JPM or any other party objecting to the Plan may ask for leave of Court to present any surrebuttal evidence.

B. **Presentation of Witnesses**

5. Any party intending to present evidence at the confirmation trial shall serve their final list of trial witnesses for their cases-in-chief by 5 p.m. EDT on July 15, 2009 and state whether the witness will be called live or by deposition.

6. The scope of cross-examination shall not be limited to the scope of the direct examination, except for witnesses called for rebuttal. Unless recalled for rebuttal, each witness will be called by any party only once.

7. The Debtors shall be permitted to submit declarations in support of confirmation on issues not directly related to reinstatement. If the Debtors call the declarants as live witnesses, the Debtors shall be permitted to admit the declarations into evidence at the start of the declarants' live testimony as a written direct examination and to conduct a supplemental live examination beyond the scope of the written direct examination.

8. At 9 a.m. ET on each day beginning on Sunday, July 19, 2009, the parties shall provide notice of the witnesses they will call live or via deposition on the trial day starting twenty-four (24) later , and the anticipated order of those witnesses.

C.  **Deposition Designations**

9. Any party may present the deposition testimony of any adverse party witness and shall notify the other parties of its intent to do so and provide a list (by page and line number) of the deposition designations to be presented, on or before July 15, 2009 at 5 p.m. EDT.

10. Any party may present the deposition testimony of a witness that is "unavailable" pursuant to Federal Rule of Evidence 804(b)(1) and shall notify the other parties of its intent to do so and provide a list (by page and line number) of the deposition designations to be presented, on or before July 15, 2009. Individuals who were representatives or employees of members of the Unofficial Committee of Holders of CCH I, LLC and CCH II, LLC Notes, KPMG, Lazard, and Duff & Phelps during the time at issue in this case shall be deemed "unavailable" if they are not called to testify live by any party at trial. For clarity, if representatives or employees of Members of the Unofficial Committee of Holders of CCH I, LLC and CCH II, LLC Notes, KPMG, Lazard, or Duff & Phelps are called as witnesses at trial, then that individual witness called to testify at trial is not deemed "unavailable" for purposes of this paragraph.

11. Counter-designations shall be presented by providing a list (by page and line number) of the deposition counter-designations to be presented, on or before July 18, 2009 at 5 p.m. EDT.

12. The parties reserve their rights to object to the admissibility of any deposition testimony presented to the Court on grounds not waived herein

D.  **Trial Exhibits**

13. Any party intending to present evidence at the confirmation hearing and/or adversary proceeding trial shall serve its final exhibit list on July 15, 2009, by 5 p.m. EDT. Each

list shall identify each exhibit by exhibit number and bates number and be accompanied by an electronic copy of each exhibit if not identified by bates number.

14. The parties shall serve their good faith written objections to exhibits on the other parties' preliminary exhibit list, stating the basis for such objections by July 16, 2009 at 5 p.m. EDT.

15. Prior to trial, the parties shall attempt in good faith to resolve any objections to the proposed trial exhibits. Any objections to the proposed trial exhibits that are not resolved by the parties prior to the trial shall be presented to the Court for determination.

16. Each party reserves the right to add or subtract documents from its exhibit list on reasonable grounds and assert objections not identified on its good faith written objections.

17. Documents produced in this case, whether as part of initial disclosures, in response to formal document requests, or by agreement, shall by reason of such production be deemed to be authentic documents under Fed. R. Evid. 901.

18. A duplicate is admissible to the same extent as an original.

19. The parties shall provide their respective exhibits to the Court upon request.

20. Each party reserves the right to use documents not listed on its trial exhibit list for cross-examination, impeachment or rebuttal purposes.

21. All demonstrative exhibits that a party intends to use shall be disclosed to all other parties by 9 p.m. the evening before such intended use.

/s/ Daniel Donovan
Richard M. Cieri
Paul M. Basta
**KIRKLAND & ELLIS LLP**

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Jeffrey S. Powell
Daniel T. Donovan
**KIRKLAND & ELLIS LLP**
655 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel to the Debtors and Debtors in Possession (except Charter Investment, Inc.)*

/s/ Bryce Friedman
Bruce D. Angiolillo
Peter V. Pantaleo
Bryce L. Friedman
George S. Wang
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for JPMorgan Chase Bank, N.A., as Administrative Agent*

Dated: _____, 2009     **SO ORDERED:**

_____
United States Bankruptcy Judge