Richard M. Cieri
Paul M. Basta
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

   - and -

Ray C. Schrock
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession
(Other than Charter Investment, Inc.)

   - and -

Albert Togut
Frank A. Oswald
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York  10119
Telephone:    (212) 594-5000
Facsimile:    (212) 967-4258

Counsel to the Debtor and Debtor in Possession
Charter Investment, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARTER COMMUNICATIONS, INC., <u>et al.</u>, | ) Case No. 09-11435 (JMP) |
| | ) |
| Debtors. | ) Jointly Administered |

# NOTICE OF FILING OF STATUS CHART OF
# RESPONSES TO THE DEBTORS' JOINT PLAN OF REORGANIZATION
# PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

K&E 15234042.

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] hereby file the Status Chart of Responses to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Code, which is annexed hereto as **Exhibit A**.

---

[1] The Debtors in these cases include: Ausable Cable TV, Inc.; Hometown TV, Inc.; Plattsburgh Cablevision, Inc.; Charter Communications Entertainment I, LLC; Falcon First Cable of New York, Inc.; Charter Communications, Inc.; Charter Communications Holding Company, LLC; CCHC, LLC; Charter Communications Holdings, LLC; CCH I Holdings, LLC; CCH I, LLC; CCH II, LLC; CCO Holdings, LLC; Charter Communications Operating, LLC; American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Cable Equities Colorado, LLC; Cable Equities of Colorado Management Corp.; CC 10, LLC; CC Fiberlink, LLC; CC Michigan, LLC; CC Systems, LLC; CC V Holdings, LLC; CC VI Fiberlink, LLC; CC VI Operating, LLC; CC VII Fiberlink, LLC; CC VIII Fiberlink, LLC; CC VIII Holdings, LLC; CC VIII Leasing of Wisconsin, LLC; CC VIII Operating, LLC; CC VIII, LLC; CCH I Capital Corp.; CCH I Holdings Capital Corp.; CCH II Capital Corp.; CCO Fiberlink, LLC; CCO Holdings Capital Corp.; CCO NR Holdings, LLC; CCO Purchasing, LLC; Charter Advertising of Saint Louis, LLC; Charter Cable Leasing of Wisconsin, LLC; Charter Cable Operating Company, L.L.C.; Charter Cable Partners, L.L.C.; Charter Communications Entertainment, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment II, LLC; Charter Communications Holdings Capital Corporation; Charter Communications Operating Capital Corp.; Charter Communications Properties LLC; Charter Communications V, LLC; Charter Communications Ventures, LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications, LLC; Charter Distribution, LLC; Charter Fiberlink – Alabama, LLC; Charter Fiberlink AR-CCVII, LLC; Charter Fiberlink AZ-CCVII, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CA-CCVII, LLC; Charter Fiberlink CC VIII, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink – Georgia, LLC; Charter Fiberlink ID-CCVII, LLC; Charter Fiberlink – Illinois, LLC; Charter Fiberlink IN-CCO, LLC; Charter Fiberlink KS-CCO, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink – Michigan, LLC; Charter Fiberlink – Missouri, LLC; Charter Fiberlink MS-CCVI, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NC-CCVII, LLC; Charter Fiberlink – Nebraska, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NM-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink NY-CCVII, LLC; Charter Fiberlink OH-CCO, LLC; Charter Fiberlink OK-CCVII, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink SC-CCVII, LLC; Charter Fiberlink – Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink UT-CCVII, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; Charter Fiberlink – Wisconsin, LLC; Charter Fiberlink WV-CCO, LLC; Charter Fiberlink, LLC; Charter Gateway, LLC; Charter Helicon, LLC; Charter Investment, Inc.; Charter RMG, LLC; Charter Stores FCN, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Enstar Communications Corporation; Falcon Cable Communications, LLC; Falcon Cable Media, a California Limited Partnership; Falcon Cable Systems Company II, L.P.; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Community Ventures I, LP; Falcon First Cable of the Southeast, Inc.; Falcon First, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; Helicon Partners I, L.P.; HPI Acquisition Co., L.L.C.; Interlink Communications Partners, LLC; Long Beach, LLC; Marcus Cable Associates, L.L.C.; Marcus Cable of Alabama, L.L.C.; Marcus Cable, Inc.; Midwest Cable Communications, Inc.; Pacific Microwave; Peachtree Cable TV, L.P.; Peachtree Cable T.V., LLC; Renaissance Media LLC; Rifkin Acquisition Partners, LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Tioga Cable Company, Inc.; and Vista Broadband Communications, LLC.

| | |
|---|---|
| New York, New York<br>Dated: July 16, 2009 | /s/ *Paul M. Basta*<br>Richard M. Cieri<br>Paul M. Basta<br>Stephen E. Hessler<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>- and -<br><br>Ray C. Schrock<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>Counsel to the Debtors<br>and Debtors in Possession<br>Other than Charter Investment, Inc.<br><br>- and -<br><br>Albert Togut<br>Frank A. Oswald<br>TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza<br>New York, New York  10119<br>Telephone:     (212) 594-5000<br>Facsimile:      (212) 967-4258<br><br>Counsel to the Debtor and Debtor in<br>Possession Charter Investment, Inc. |

**EXHIBIT A**

**Status Chart**

# IN RE CHARTER COMMUNICATIONS, INC., ET AL., CASE NO. 09-11435

## STATUS CHART OF RESPONSES TO THE DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE[1]

|   | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| **Resolved Objections** | | | | |
| 1 | Rembrandt Technologies, L.P. ("Rembrandt") | 556 | 1. Limited objection if the Plan precludes Rembrandt from resuming prosecution of legal claims against the Debtors post Effective Date. | This objection has been resolved consensually with language added to the proposed Confirmation Order providing that the Rembrandt litigation may go forward after the Effective Date. |
| 2 | County of Denton County of Harrison County of Leon City of Marshall Marshall Independent School District (collectively, the "Texas Tax Claimants") | 577 | 1. The Plan lacks specificity as to which class of claims includes the claims of the Texas Tax Claimants.<br><br>2. The Texas Tax Claimants' claims are impaired under the Plan, the Texas Tax Claimants have not accepted the Plan.<br><br>3. The Plan does not provide fair and equitable treatment for the Texas Tax Claimants' claims because their property tax liens are not expressly retained under the Plan and the Plan does not provide for postpetition interest. | This objection has been resolved consensually with a minor clarification to objecting counsel and the change to Art. II.C of the Plan providing for payment of postpetition interest pursuant to section 511 of the Bankruptcy Code. |

---

[1] Objections are listed in docket order number. Capitalized terms used but not defined herein shall be given the meanings ascribed to them in the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 615] (as updated and revised, the "Plan") and the Debtors' Disclosure Statement Pursuant to Chapter 11 of the United States Bankruptcy Code with Respect to the Debtors' Joint Plan of Reorganization [Docket No. 319] (as updated and revised, the "Disclosure Statement"). This chart does not include the Letter re: Motion to Object for Voting of Plan of Reorganization and the Rights Offering and Approving the Forms of Ballots and Manner Notice by Jonathan Lee Riches [Docket No. 534], who, upon information and belief, is a federal inmate and not a party in interest in these cases.

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 3 | Verizon Communications Inc. ("Verizon") | 565 | 1. The Plan lacks specificity regarding the treatment of contingent claims once they are liquidated. | This objection is being resolved consensually with inclusion in the proposed Confirmation Order of clarifying language indicating that Verizon's claim will be reinstated and unimpaired. |
| 4 | Calyon New York Branch ("Calyon") | 569 | 1. The Plan is unconfirmable because it fails to provide clear parameters on claim allowance.<br><br>2. The Plan is unconfirmable, pursuant to section 1129(a)(3) of the Bankruptcy Code, because the Plan establishes a claim filing deadline under the misleading heading of "Amendments to Claims" in contradiction of the good faith requirement.<br><br>3. The Plan is unconfirmable, pursuant to section 1129(a)(1) of the Bankruptcy Code, because it circumvents the claimant's ability to amend a claim.<br><br>4. The Plan is unconfirmable, pursuant to section 1129(a)(1) of the Bankruptcy Code, because the Plan's definition of "Allowed" claims removes the provisions for deemed allowance pursuant to section 502(a) of the Bankruptcy Code.<br><br>5. The Plan is unconfirmable, pursuant to sections 502 and 1129(a)(1) of the Bankruptcy Code, because Court may be estimating the CCO Swap Agreements Claims without legal support | This parties have resolved this objection consensually by stipulating to the allowance of certain Calyon claims and preservation of certain rights in the proposed Confirmation Order. |

2

K&E 15153352.8

| | **Objecting Party** | **Docket Number** | **Objection** | **Status of Objection** |
|---|---|---|---|---|
| 5 | Department of Revenue for the State of Louisiana (the "Louisiana Dept. of Revenue") | 572 | 1. The Plan is unconfirmable because the Plan's definition of Priority Tax Claim fails to include: secured claims that otherwise meet the definition for Priority Tax Claims shall be entitled to same treatment, under section 1129(a)(9)(C) of the Bankruptcy Code as priority tax claims.<br><br>2. The Plan is unconfirmable because it fails to provide a separate definition for Administrative Tax Expenses.<br><br>3. The Plan is unconfirmable because it does not provide for freely allowed amendments to tax claims.<br><br>4. The Plan is unconfirmable because it does not require the Debtors to schedule a claim as disputed, contingent, or unliquidated pursuant to section 521 of the Bankruptcy Code and serve the objection to the claim in writing.<br><br>5. The Plan is unconfirmable because fails to provide for postpetition interest on postpetition tax claims as an administrative priority expense.<br><br>6. Louisiana Dept. of Revenue argues Article X.E is not clear.<br><br>7. Louisiana Dept. of Revenue objects to any provision of the Plan denying it any right it is entitled to with respect to the Debtors or 3rd parties under the Bankruptcy Code.<br><br>8. Louisiana Dept. of Revenue objects to Article X.K of the Plan because it does not conform to Louisiana tax-related document retention law.<br><br>9. The Plan is unconfirmable because fails to provide for default provisions as required by section 1123(a)(5)(G) of the Bankruptcy Code.<br><br>10. Louisiana Dept. of Revenue objects to Article VI.M's | This objection has been resolved consensually with the change to Art. II.C. of the Plan providing for postpetition interest pursuant to section 511 of the Bankruptcy Code and the inclusion of a provision in the proposed Confirmation Order preserving certain tax claimant rights. |

3

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | exemption from tax clause, pursuant to section 1146 of the Bankruptcy Code, as too broad. | |
| 6 | Texas Comptroller of Public Accounts ("Comptroller") | 555 | 1. The Plan is unconfirmable because it does not provide for post-Effective Date interest on priority tax claims that are not paid on the Effective Date.<br><br>2. Objects to Article VIII.G of the Plan that requires Bankruptcy Court or Reorganized Debtor approval to file or amend a tax claim.<br><br>3. Objects to Article X.I of the Plan limiting setoff rights. | This objection has been resolved consensually with the change to Art. II.C. of the Plan providing for payment of postpetition interest pursuant to section 511 of the Bankruptcy Code. |
| 7 | HSBC Bank USA, N.A. ("HSBC") | 558 | 1. The Plan is unconfirmable, pursuant to section 1124(2) of the Bankruptcy Code, because default interest is not provided to the 8.75% CCOH Note Claims.<br><br>2. The Plan is unconfirmable, pursuant to section 1124(2) of the Bankruptcy Code, because Plan does not provide for payment of fees and expenses of HSBC under the applicable indenture.<br><br>3. The Plan is unconfirmable because it lacks a claims reconciliation mechanism by which CCOH Notes Claims can become Allowed. | This objection is being resolved consensually with the inclusion of clarifying language to the proposed Confirmation Order. |

4

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| **Contested Objections Addressed in Confirmation Memorandum** | | | | |
| 8 | United States Trustee | 475 | 1. The Plan contains improper non-debtor releases that render the Plan unconfirmable. | 1. Please see Debtors' response in the Confirmation Memorandum pp. 88-93. |
| 9 | Key Colony Fund, LP ("Key Colony") | 574 | 1. The Plan contains improper non-debtor releases that render the Plan unconfirmable.<br><br>a. Specifically, Key Colony objects to the release of Mr. Allen because it has commenced a state law action against Mr. Allen in Arkansas in connection with the commencement of the Debtors' pre-arranged bankruptcy. | 1. Please see Debtors' response in the Confirmation Memorandum pp. 88-93. |
| 10 | United States Securities and Exchange Commission | 576 | 1. The Plan contains improper non-debtor releases that render the Plan unconfirmable, in particular because there is no mechanism to opt out of the non-debtor releases and they release non-debtors from potential liability under federal securities laws. | 1. Please see Debtors' response in the Confirmation Memorandum pp. 88-93. |
| 11 | Law Debenture Trust Company of New York (the "CCI Noteholders") | 581 | 1. The Plan is unconfirmable because the Plan improperly gerrymanders an accepting class of claims at CCI by separately classifying and artificially impairing CCI General Unsecured Claims.<br><br>2. The Plan is unconfirmable because the Plan unfairly discriminates against holders of CCI Notes Claims in violation of section 1129(b)(1) of the Bankruptcy Code.<br><br>3. The Plan is unconfirmable because the Plan's distribution scheme violates the absolute priority rule of section 1129(b)(2) of the Bankruptcy Code.<br><br>4. The Plan is unconfirmable because the Plan does not satisfy the best interests of creditors test under section 1129(a)(7) | 1. Please see Debtors' response in the Confirmation Memorandum pp. 12-18.<br><br>2. Please see Debtors' response in the Confirmation Memorandum pp. 66-69.<br><br>3. Please see Debtors' response in the Confirmation Memorandum pp. 60-66.<br><br>4. Please see Debtors' response in the Confirmation Memorandum pp. 34- |

5

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | of the Bankruptcy Code. | 44. |
| | | | 5. The Plan is unconfirmable because the Plan, with respect to Holdco, violates the absolute priority rule and unfairly discriminates in violation of section 1129(b) of the Bankruptcy Code. | 5. Please see Debtors' response in the Confirmation Memorandum pp. 60-66. |
| | | | 6. The Plan is unconfirmable because it is effectuated through an improper substantive consolidation of the Debtors' assets. | 6. Please see Debtors' response in the Confirmation Memorandum pp. 47-52, 60-66. |
| | | | 7. The Plan is unconfirmable because the CII Settlement, which proposes "massive" distributions to Mr. Allen and his affiliates through a global settlement, is not in the best interests of CCI and its creditors and, thus, is improper under Bankruptcy Rule 9019. | 7. Please see Debtors' response in the Confirmation Memorandum pp. 71-85. |
| | | | 8. The Plan is unconfirmable because the Plan has not been proposed in good faith as required under section 1129(a)(3) of the Bankruptcy Code. | 8. Please see Debtors' response in the Confirmation Memorandum pp. 26-31. |
| | | | 9. The Plan is unconfirmable because the release provisions proposed under the Plan violate section 1129(a)(1) of the Bankruptcy Code. | 9. Please see Debtors' response in the Confirmation Memorandum pp. 86-94. |
| 12 | R$^2$ Investments, L.P. | 579 | 1. Incorporates objection of CCI Noteholders. | 1. See CCI Noteholders' objection. |
| | | | 2. The proposed releases given to the Released Parties for certain pre-petition intercompany transfers are improper.<br><br>a. The intercompany transfers are potential fraudulent transfers and are assets of the Debtors' estates that should not be released.<br><br>b. The release of intercompany transfers amounts to a "de facto" substantive consolidation. | 2. Please see Debtors' response in the Confirmation Memorandum pp. 86-94.<br><br>3. Please see Debtors' response in the Confirmation Memorandum pp. 88-93.<br><br>4. Please see Debtors' response in the Confirmation Memorandum pp. 12- |

6

K&E 15153352.8

| Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|
| | | 3. The Third Party Release is impermissible.<br><br>4. The Plan improperly classifies Class A-3 General Unsecured Claims against CCI and Class A-4 CCI Notes Claims in an attempt to "gerrymander" votes and improperly "cram down" Class A-4.<br><br>5. The preferential treatment of Mr. Allen's equity interest violates the absolute priority rule.<br><br>    a. The CII Settlement does not satisfy the requirements for approval under Bankruptcy Rule 9019.<br><br>6. The Plan is based upon an unsound liquidation analysis; therefore, the Debtors do not satisfy section 1129(a)(7) of the Bankruptcy Code because:<br><br>    a. the Debtors' valuation is based on out of date EBITDA multiples;<br><br>    b. the valuation is based on the entire enterprise and constitutes a "de facto" substantive consolidation; and<br><br>    c. the CII Settlement does not satisfy the best interest of creditors test.<br><br>7. The Plan was not proposed in good faith as required by section 1129(a)(3) of the Bankruptcy Code. | 18.<br><br>5. Please see Debtors' response in the Confirmation Memorandum pp. 60-66, 71-85.<br><br>6. Please see Debtors' response in the Confirmation Memorandum pp. 35-44.<br><br>7. Please see Debtors' response in the Confirmation Memorandum pp. 26-31. |

7

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 13 | Wells Fargo Bank, N.A. | 584 | 1. The Plan cannot be confirmed because it was not proposed in good faith and because Mr. Allen is allegedly self-dealing for his personal benefit.<br><br>2. Plan cannot be confirmed because Debtors have failed to demonstrate that the CII Settlement meets the Rule 9019 standards for approval of compromises.<br><br>3. Plan cannot be confirmed so long as the Third Party Release are included. | 1. Please see Debtors' response in the Confirmation Memorandum pp. 28-29.<br><br>2. Please see Debtors' response in the Confirmation Memorandum pp. 68-76.<br><br>3. Please see Debtors' response in the Confirmation Memorandum pp. 88-93. |
| 14 | JP Morgan Chase Bank, N.A. ("JPM") | Filed under seal. | Addressed in Confirmation Memorandum:<br><br>1. The Plan is otherwise unconfirmable:<br><br>   a. the Third Party Release fails to satisfy the "*Metromedia*" standard;<br><br>   b. the Plan improperly classifies claims; and<br><br>   c. the Plan improperly confers jurisdiction over liquidation of the CCO Swap Agreements Claims to liquidate such claims.<br><br>Addressed in Reinstatement Memorandum:<br><br>2. Reinstatement, pursuant to Plan under section 1124 of the Bankruptcy Code, is inappropriate because the Debtors triggered the change of control default in the credit agreement.<br><br>3. Reinstatement, pursuant to Plan under section 1124 of the Bankruptcy Code, is inappropriate because the Plan does not cure defaults under section 8 of the credit agreement: | 1. Please see Debtors' response in the Confirmation Memorandum:<br><br>   a. pp. 88-93;<br><br>   b. pp. 12-18; and<br><br>   c. The Debtors do not believe this is a valid Plan objection but will seek to resolve this consensually with JPM.<br><br>2. Please see Debtors' response in the Reinstatement Memorandum pp. 31-45.<br><br>3. Please see Debtors' response in the Reinstatement Memorandum pp. 10-31, 45-50. |

8

| Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|
| | | a. "Unable to …Pay Its Debts As they Come Due" Default is uncured; and<br><br>b. Cross Acceleration Default.<br><br>4. Plan cannot be confirmed because it impairs lenders in other ways:<br><br>a. Plan creates setoff rights in violation of credit agreement; and<br><br>b. Plan improperly alters jurisdiction provisions of credit agreement. | |

9

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| **Contested Objections - Addressed in Reinstatement Memorandum** | | | | |
| 15 | Wells Fargo Bank, N.A. | 584 | 1. The lenders are not unimpaired pursuant to section 1124 of the Bankruptcy Code because:<br><br>a. the proposed reinstatement pursuant to the Plan is not feasible under section 1129(a)(11) of the Bankruptcy Code because the Debtors have triggered the change of control default in the credit agreement; and<br><br>b. as a result of cross default provisions, incurable defaults under the CCO credit facility preclude reinstatement. | 1. Please see Debtors' response in the Reinstatement Memorandum:<br><br>a. pp. 31-45; and<br><br>b. pp. 45-49. |
| 16 | Wilmington Trust Company | 588 | 1. The Plan is not feasible under section 1129(a)(11) of the Bankruptcy Code because Plan confirmation will trigger change of control provisions in Charter's secured lending agreements. The alleged change of control is premised on the assertion that certain members of the Crossover Committee acting as a single group. | 1. Please see Debtors' response in the Reinstatement Memorandum pp. 31-45. |
| 17 | First Lien Lender Group (Kramer Levin) | 594 | 1. Reinstatement, pursuant to Plan under section 1124 of the Bankruptcy Code, is inappropriate because the First Lien Credit Agreement Claims are impaired due to the Debtors' trigger of the change of control default in the credit agreement.<br><br>2. Reinstatement, pursuant to Plan under section 1124 of the Bankruptcy Code, is inappropriate because the First Lien Credit Agreement Claims are impaired due to the Debtors' refusal to reimburse the First Lien Lenders Group's costs and expenses, which is a default under the credit agreement. | 1. Please see Debtors' response in the Reinstatement Memorandum pp. 31-45. |

10