WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)
Dwight A. Healy (DH-9305)
Karen M. Asner (KA-5950)
Andrew W. Hammond (AH-0415)
Meghan McCurdy (MM-7887)
Gregory Starner (GM-1719)

*Attorneys for Law Debenture Trust Company*
*of New York as Indenture Trustee for the CCI Notes*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CHARTER COMMUNICATIONS, INC., et al., | Case No. 09-11435 |
| | Jointly Administered |
| Debtors. | |

**LAW DEBENTURE TRUST COMPANY OF NEW YORK'S**
**MOTION IN LIMINE PURSUANT TO RULE 615 OF THE**
**FEDERAL RULES OF EVIDENCE SEEKING EXCLUSION**
**OF WITNESSES DURING THE CONFIRMATION HEARING**

TO:  THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Law Debenture Trust Company of New York (the "Indenture Trustee"), as the Indenture

Trustee with respect to the $479 million in aggregate principal amount of 6.50% Convertible

Senior Notes due 2027 (the "CCI Notes") issued by Debtor Charter Communications, Inc.

("CCI"), moves this Court for an order, pursuant to Rule 615 of the Federal Rules of Evidence,

made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, excluding

from the courtroom those Debtor witnesses who are scheduled to testify, but have not yet

testified, while other Debtor witnesses are testifying. The Indenture Trustee also seeks an instruction from the Court that a witness should not discuss his or her testimony with counsel during any breaks in the witness's cross-examination. In support of its motion, the Indenture Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to §§ 1408 and 1409. The predicate for the relief requested herein is Rule 615 of the Federal Rules of Evidence.

## BASIS FOR RELIEF

2.      Rule 615 of the Federal Rules of Evidence, incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." Fed. R. Evid. 615 (emphasis added). This rule is mandatory: the Court must grant the party's request unless the witness falls within the exception to the Rule. United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995); see also Advisory Committee Notes to Fed. R. Evid. 615 (noting that the right to exclusion is "one of right"); 29 Charles Wright and Victor Gold, Federal Practice and Procedure § 6244 at 67-68 (1997 & Supp. 2008) (stating that "Rule 615 requires that, if a party so requests and no exception applies, the trial court must exclude witnesses from the courtroom so that they cannot hear the testimony of other witnesses"); 4 Jack Weinstein and Margaret A. Berger, Weinstein's Federal Evidence §615.03[1] (2009) (stating that "a court may not deny a request for the exclusion of witnesses, except as to a witness who fits into one of three exempted categories"). A request for exclusion under Rule 615 can be made at any time. Fed. R. Evid. 615; see also 4 Weinstein's Federal Evidence

§615.04[5] ("Rule 615 is silent on when a request for exclusion must be made. To be effective, the request should be made before testimony begins").

3.     The Debtors bear the burden of demonstrating that an exception applies as to a particular witness. See Jackson, 60 F.3d at 135 (noting that Rule 615 carries a "strong presumption in favor of sequestration."). The limited exceptions are "(1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present." Fed. R. Evid. 615.

4.     The Debtors have not met their burden of showing that any exception is met as to any particular witness. None of the Debtors are natural persons. Counsel for the Debtors has not designated a witness on the record as their party representative.[1] The Debtors have not made any showing that any witness is essential to the presentation of their case. Likewise, the Debtors have not established that any witness is authorized by statute to be present. Accordingly, just as other witnesses are being excluded pursuant to the request by JPMorgan Chase Bank last week, the Debtors' witnesses should likewise be excluded from the courtroom.

5.     Lastly, the Indenture Trustee seeks an instruction from the Court that a witness should not discuss his or her testimony with counsel during any breaks in the witness's cross-examination. See, e.g., Perry v. Leeke, 488 U.S. 272, 282 (1989) (holding that "it is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed" and "it is entirely appropriate for a trial judge to decide, after

---

[1] To be clear, the Indenture Trustee does not object to the Debtors appointing a single representative for the confirmation hearing. However, the Debtors are not permitted to switch representatives during the hearing so that one witness may be present during the testimony of another. See, e.g., 29 Federal Practice and Procedure § 6245 at 78.

listening to the direct examination of any witness, whether defendant or a non-defendant, that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer"). Such an instruction here will facilitate the ascertainment of accurate, complete, and truthful testimony.

## CONCLUSION

For the foregoing reasons, the Indenture Trustee respectfully requests that the Court issue (i) an order providing for the exclusion from the courtroom of any of the Debtors' witnesses who are designated to testify until the witness's testimony is completed and (ii) an instruction that a witness should not discuss his or her testimony with counsel during any breaks in the witness's cross-examination.

Dated: New York, New York
      July 21, 2009

WHITE & CASE LLP

By:    /s/ Meghan McCurdy         
    Gerard Uzzi (GU-2297)
    Dwight A. Healy (DH-9305)
    Karen M. Asner (KA-5950)
    Andrew W. Hammond (AH-0415)
    Meghan McCurdy (MM-7887)
    Gregory Starner (GS-1719)
    1155 Avenue of the Americas
    New York, NY 11036-2787
    (212) 819-8200

*Counsel for Law Debenture Trust*
*Company of New York as Indenture*
*Trustee for the CCI Notes*