Richard M. Cieri
Paul M. Basta
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

   - and -

Ray C. Schrock
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 861-2000
Facsimile:      (312) 861-2200

Counsel to the Debtors and Debtors in Possession
(Other than Charter Investment, Inc.)

   - and -

Albert Togut
Frank A. Oswald
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York  10119
Telephone:     (212) 594-5000
Facsimile:      (212) 967-4258

Counsel to the Debtor and Debtor in Possession
Charter Investment, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARTER COMMUNICATIONS, INC., et al., | ) Case No. 09-11435 (JMP) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

# NOTICE OF PRESENTMENT OF STIPULATION
# AND AGREED ORDER BETWEEN THE DEBTORS
# AND PLAINTIFF MODIFYING THE AUTOMATIC STAY

PLEASE TAKE NOTICE that the undersigned will present the attached Stipulation and Agreed Order Between the Debtors and Plaintiff Modifying the Automatic Stay (the "Stipulation") to the Honorable James M. Peck, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in Room 601, One Bowling Green, New York, New York 10004-1408, for signature on **September 21, 2009 at 12:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the relief requested in the Stipulation must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3 ½ inch disk, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-182 or by first-class mail upon each of the following: (a) Charter Communications, Inc. and its debtor affiliates (collectively, the "Debtors" or "Charter") and their counsel; (b) the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, Esq.); (c) counsel to the agent under the Debtors' prepetition first lien credit facility; (d) counsel to the agent under the Debtors' prepetition second lien credit facility; (e) counsel to the agent

K&E 14882587.

under the Debtors' prepetition third lien credit facility; (f) the counterparties to those certain interest rate swap agreements with Charter Communications Operating, LLC; (g) counsel to the official committee of unsecured creditors; (h) counsel to the unofficial committee of unaffiliated holders of those certain CCH I, LLC and CCH II, LLC notes issuances; (i) counsel to the unofficial committee of unaffiliated holders of those certain CCH II, LLC note issuances; (j) the indenture trustees for those indentures to which a Debtor is a party; (k) counsel to Vulcan Inc.; (l) the Internal Revenue Service; (m) the Securities and Exchange Commission; (n) the Federal Communications Commission; (o) the Office of the Attorney General in all of the states in which the Debtors operate; (p) any applicable state public utilities commissions required to receive notice under the Bankruptcy Rules or Local Rules; and (p) counsel to Keyavae Emge, a minor, so as to be actually received no later than **no later than September 21, 2009 at 11:00 a.m. (prevailing Eastern Time)**.  Only those responses that are timely filed, served and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Stipulation as requested by Charter.

PLEASE TAKE FURTHER NOTICE that, if no objections to the Stipulation are timely filed, served and received in accordance with the terms hereof, the Bankruptcy Court may enter an order approving the Stipulation without further notice or hearing.  If an objection is timely filed, served and received with respect to the Stipulation, such objection will be heard at the next scheduled omnibus hearing.  The parties are required to attend the hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default.

| | |
|---|---|
| New York, New York<br>Dated: September 11, 2009 | /s/ *Paul M. Basta*<br>Richard M. Cieri<br>Paul M. Basta<br>Stephen E. Hessler<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>- and -<br><br>Ray C. Schrock<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 861-2000<br>Facsimile: (312) 861-2200<br><br>Counsel to the Debtors<br>and Debtors in Possession<br>Other than Charter Investment, Inc.<br><br>- and -<br><br>Albert Togut<br>Frank A. Oswald<br>TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br><br>Counsel to the Debtor and Debtor in<br>Possession Charter Investment, Inc. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., et al., | ) | Case No. 09-11435 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

STIPULATION AND AGREED ORDER BETWEEN
THE DEBTORS AND PLAINTIFF MODIFYING THE AUTOMATIC STAY

The above-captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"),[1] and Keyavae Emge, a minor, through his Guardian *ad Litem*

---

[1] The Debtors in these cases include: Ausable Cable TV, Inc.; Hometown TV, Inc.; Plattsburgh Cablevision, Inc.; Charter Communications Entertainment I, LLC; Falcon First Cable of New York, Inc.; Charter Communications, Inc.; Charter Communications Holding Company, LLC; CCHC, LLC; Charter Communications Holdings, LLC; CCH I Holdings, LLC; CCH I, LLC; CCH II, LLC; CCO Holdings, LLC; Charter Communications Operating, LLC; American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Cable Equities Colorado, LLC; Cable Equities of Colorado Management Corp.; CC 10, LLC; CC Fiberlink, LLC; CC Michigan, LLC; CC Systems, LLC; CC V Holdings, LLC; CC VI Fiberlink, LLC; CC VI Operating, LLC; CC VII Fiberlink, LLC; CC VIII Fiberlink, LLC; CC VIII Holdings, LLC; CC VIII Leasing of Wisconsin, LLC; CC VIII Operating, LLC; CC VIII, LLC; CCH I Capital Corp.; CCH I Holdings Capital Corp.; CCH II Capital Corp.; CCO Fiberlink, LLC; CCO Holdings Capital Corp.; CCO NR Holdings, LLC; CCO Purchasing, LLC; Charter Advertising of Saint Louis, LLC; Charter Cable Leasing of Wisconsin, LLC; Charter Cable Operating Company, L.L.C.; Charter Cable Partners, L.L.C.; Charter Communications Entertainment, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment II, LLC; Charter Communications Holdings Capital Corporation; Charter Communications Operating Capital Corp.; Charter Communications Properties LLC; Charter Communications V, LLC; Charter Communications Ventures, LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications, LLC; Charter Distribution, LLC; Charter Fiberlink – Alabama, LLC; Charter Fiberlink AR-CCVII, LLC; Charter Fiberlink AZ-CCVII, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CA-CCVII, LLC; Charter Fiberlink CC VIII, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink – Georgia, LLC; Charter Fiberlink ID-CCVII, LLC; Charter Fiberlink – Illinois, LLC; Charter Fiberlink IN-CCO, LLC; Charter Fiberlink KS-CCO, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink – Michigan, LLC; Charter Fiberlink – Missouri, LLC; Charter Fiberlink MS-CCVI, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NC-CCVII, LLC; Charter Fiberlink – Nebraska, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NM-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink NY-CCVII, LLC; Charter Fiberlink OH-CCO, LLC; Charter Fiberlink OK-CCVII, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink SC-CCVII, LLC; Charter Fiberlink – Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink UT-CCVII, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; Charter Fiberlink – Wisconsin, LLC; Charter Fiberlink WV-CCO, LLC; Charter Fiberlink, LLC; Charter Gateway, LLC; Charter Helicon, LLC; Charter Investment, Inc.; Charter RMG, LLC; Charter Stores FCN, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Enstar

(Continued…)

(the "Plaintiff," together with the Debtors, the "Parties"), by and through their respective counsel, hereby enter into this stipulation and agreed order (the "Stipulation") that provides as follows:

**WHEREAS**, on March 27, 2009 (the "Petition Date"), the Debtors filed petitions for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, on April 10, 2009, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors (the "Committee") [Docket No. 136];

**WHEREAS**, pursuant to the Order Authorizing and Approving Procedures for Settling Certain Claims and Causes of Action Brought by or Against the Debtors, entered on May 21, 2009 [Docket No. 405] (the "Settlement Order"), the Debtors are authorized to settle claims and causes of action that have been or will be asserted through litigation, administrative action, or arbitration in appropriate forums, both prepetition and postpetition, for de minimis recovery amounts;

**WHEREAS**, the Plaintiff has stated its intention to file a personal injury lawsuit (the "Potential Claim") against the Debtors relating to injuries suffered in a rear end motor vehicle

---

Communications Corporation; Falcon Cable Communications, LLC; Falcon Cable Media, a California Limited Partnership; Falcon Cable Systems Company II, L.P.; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Community Ventures I, LP; Falcon First Cable of the Southeast, Inc.; Falcon First, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; Helicon Partners I, L.P.; HPI Acquisition Co., L.L.C.; Interlink Communications Partners, LLC; Long Beach, LLC; Marcus Cable Associates, L.L.C.; Marcus Cable of Alabama, L.L.C.; Marcus Cable, Inc.; Midwest Cable Communications, Inc.; Pacific Microwave; Peachtree Cable TV, L.P.; Peachtree Cable T.V., LLC; Renaissance Media LLC; Rifkin Acquisition Partners, LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Tioga Cable Company, Inc.; and Vista Broadband Communications, LLC.

collision accident, involving a Charter employee, at approximately 3:57 p.m. (prevailing Eastern Time) on September 30, 2008 in Buncombe County, North Carolina;

**WHEREAS**, the Parties negotiated in good faith to settle the Potential Claim in a expeditious and equitable manner;

**WHEREAS**, the Debtors, pursuant to the Settlement Order, will pay the Plaintiff $2,200 (the "Settlement") to settle the Potential Claim;

**WHEREAS**, the Debtors believe the Settlement in the best interests of their estates;

**WHEREAS**, on June 15, 2009, the Debtors, pursuant to the procedures in the Settlement Order, gave the Committee notice of the Settlement;

**WHEREAS**, the Parties seek to have the General Court of Justice in the District Court Division in Buncombe County, North Carolina (the "State Court"), approve the Settlement in order to bind the Plaintiff (a minor) to the Settlement;

**WHEREAS**, the Debtors do not admit any liability or the validity of any damages with respect to the Potential Claim;

**WHEREAS**, the Plaintiff is willing to waive its rights to collect on any legal actions related to the Potential Claim against the Debtors and agrees to accept the Settlement as their sole recovery; and

**WHEREAS**, the Debtors have consented, pursuant to and in accordance with the conditions and agreements set forth herein, to the Plaintiff being granted limited relief from the automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay") so as to permit the Parties to seek approval of the Settlement in the State Court.

3

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties to this Stipulation that:

1. Upon the entry of an order approving this Stipulation, the Automatic Stay shall be modified to permit the Parties to seek approval of the Settlement in State Court.

2. The Plaintiff agrees to limit its recovery from any legal action related to the Potential Claim to the terms of the Settlement.

3. The Plaintiff waives any right to a claim for punitive or other exemplary damages against the Debtors.

4. Nothing herein is intended or shall be construed to waive any defenses, setoffs, objections, counterclaims, or coverage defenses that the Debtors or their representatives may have with respect to the Potential Claim.

5. The Plaintiff hereby fully, finally and forever releases and discharges its right to collect from the Debtors and/or their bankruptcy estates, or their respective officers, directors, employees, agents and attorneys, assigns and successors from any and all actions, claims (whether prepetition unsecured claims, priority, administrative or other postpetition/administrative claims), causes of action, setoffs and liabilities for any obligations relating in any way to or arising from the Potential Claim. This release applies only to the claim of the minor (Plaintiff) for his injuries, and this release is in no way intended by the parties to constitute a release of any part of the claim of the minor's mother, Michelle Emge, for her personal injuries and damages incurred in the same accident giving rise to the claim of the minor.

6. Any and all proofs of claim filed by the Plaintiff, relating to the Potential Claim, in these chapter 11 cases are disallowed and expunged for all purposes, and the Plaintiff shall not

4

be entitled to receive any distributions from the Debtors in these chapter 11 cases under a plan of reorganization or otherwise on behalf of such claim.

7. The modification of the Automatic Stay set forth herein shall have no effect as to parties that are not a party to this Stipulation, and the Automatic Stay shall remain in full force and effect with respect to such parties and their claim or cause of action, if any, against the Debtors or their estates.

8. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay has been modified to allow the Parties to seek approval of the Settlement by the State Court.

9. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief provided by this Stipulation.

11. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

12. This Stipulation shall not be modified, altered, amended or vacated without written consent of all parties hereto. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

K&E 14882587.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before this Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

| **KIRKLAND & ELLIS LLP** | **GARRITY & GOSSAGE LLP** |
|---|---|
| /s/ *Paul M. Basta* | /s/ *Kimberly A. Gossage* |
| Richard M. Cieri | Kimberly A. Gossage |
| Paul M. Basta | 2124 Crown Centre Drive, Suite 100 |
| Stephen E. Hessler | Charlotte, NC  28227 |
| 601 Lexington Avenue | Telephone:  (704) 841-0661 |
| New York, New York  10022 | |
| Telephone:  (212) 446-4800 | Counsel to the Plaintiff |
| Facsimile:  (212) 446-4900 | |

   - and -

Ray C. Schrock
300 North LaSalle
Chicago, Illinois  60601-6636
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Counsel to the Debtors and Debtors in Possession


Date: _____, 2009        **SO ORDERED.**
New York, New York

_____
United States Bankruptcy Judge