Richard M. Cieri
Paul M. Basta
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

   - and -

Ray C. Schrock
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Counsel to the Debtors and Debtors in Possession
(Other than Charter Investment, Inc.)

   - and -

Albert Togut
Frank A. Oswald
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York  10119
Telephone:     (212) 594-5000
Facsimile:      (212) 967-4258

Counsel to the Debtor and Debtor in Possession
Charter Investment, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARTER COMMUNICATIONS, INC., et al., | ) Case No. 09-11435 (JMP) |
| | ) |
| Reorganized Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF PRESENTMENT OF PROPOSED ORDER DENYING
MOTION FOR LIMITED REHEARING, LIMITED RECONSIDERATION,
AND/OR LIMITED RELIEF FROM ORDER CONFIRMING
DEBTORS' JOINT PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE** that the above-captioned reorganized debtors and debtors in possession (collectively, the "Debtors")[1] will present the proposed Order (the "Order") attached hereto as Exhibit A memorializing the Court's ruling on the Motion for Limited Rehearing, Limited Reconsideration, and/or Limited Relief from Order Confirming Debtors' Joint Plan of Reorganization (the "Reconsideration Motion") brought by the Iron Workers Local No. 25

---

[1] The Debtors in these cases include: Ausable Cable TV, Inc.; Hometown TV, Inc.; Plattsburgh Cablevision, Inc.; Charter Communications Entertainment I, LLC; Falcon First Cable of New York, Inc.; Charter Communications, Inc.; Charter Communications Holding Company, LLC; CCHC, LLC; Charter Communications Holdings, LLC; CCH I Holdings, LLC; CCH I, LLC; CCH II, LLC; CCO Holdings, LLC; Charter Communications Operating, LLC; American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Cable Equities Colorado, LLC; Cable Equities of Colorado Management Corp.; CC 10, LLC; CC Fiberlink, LLC; CC Michigan, LLC; CC Systems, LLC; CC V Holdings, LLC; CC VI Fiberlink, LLC; CC VI Operating, LLC; CC VII Fiberlink, LLC; CC VIII Fiberlink, LLC; CC VIII Holdings, LLC; CC VIII Leasing of Wisconsin, LLC; CC VIII Operating, LLC; CC VIII, LLC; CCH I Capital Corp.; CCH I Holdings Capital Corp.; CCH II Capital Corp.; CCO Fiberlink, LLC; CCO Holdings Capital Corp.; CCO NR Holdings, LLC; CCO Purchasing, LLC; Charter Advertising of Saint Louis, LLC; Charter Cable Leasing of Wisconsin, LLC; Charter Cable Operating Company, L.L.C.; Charter Cable Partners, L.L.C.; Charter Communications Entertainment, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment II, LLC; Charter Communications Holdings Capital Corporation; Charter Communications Operating Capital Corp.; Charter Communications Properties LLC; Charter Communications V, LLC; Charter Communications Ventures, LLC; Charter Communications VI, LLC; Charter Communications VII, LLC; Charter Communications, LLC; Charter Distribution, LLC; Charter Fiberlink – Alabama, LLC; Charter Fiberlink AR-CCVII, LLC; Charter Fiberlink AZ-CCVII, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CA-CCVII, LLC; Charter Fiberlink CC VIII, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink – Georgia, LLC; Charter Fiberlink ID-CCVII, LLC; Charter Fiberlink – Illinois, LLC; Charter Fiberlink IN-CCO, LLC; Charter Fiberlink KS-CCO, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink – Michigan, LLC; Charter Fiberlink – Missouri, LLC; Charter Fiberlink MS-CCVI, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NC-CCVII, LLC; Charter Fiberlink – Nebraska, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NM-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink NY-CCVII, LLC; Charter Fiberlink OH-CCO, LLC; Charter Fiberlink OK-CCVII, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink SC-CCVII, LLC; Charter Fiberlink – Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink UT-CCVII, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; Charter Fiberlink – Wisconsin, LLC; Charter Fiberlink WV-CCO, LLC; Charter Fiberlink, LLC; Charter Gateway, LLC; Charter Helicon, LLC; Charter Investment, Inc.; Charter RMG, LLC; Charter Stores FCN, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Enstar Communications Corporation; Falcon Cable Communications, LLC; Falcon Cable Media, a California Limited Partnership; Falcon Cable Systems Company II, L.P.; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Community Ventures I, LP; Falcon First Cable of the Southeast, Inc.; Falcon First, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; Helicon Partners I, L.P.; HPI Acquisition Co., L.L.C.; Interlink Communications Partners, LLC; Long Beach, LLC; Marcus Cable Associates, L.L.C.; Marcus Cable of Alabama, L.L.C.; Marcus Cable, Inc.; Midwest Cable Communications, Inc.; Pacific Microwave; Peachtree Cable TV, L.P.; Peachtree Cable T.V., LLC; Renaissance Media LLC; Rifkin Acquisition Partners, LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Tioga Cable Company, Inc.; and Vista Broadband Communications, LLC.

Pension Fund, Indiana Laborers Pension Fund, and Iron Workers District Council of Western New York and Vicinity Pension Fund (collectively, the "Securities Class Action Plaintiffs") to the Honorable James M. Peck, United States Bankruptcy Judge, in Room 601 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, for signature on January 19, 2010, at 3:30 p.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that, on December 17, 2009, this Court held a hearing on the Reconsideration Motion and heard argument from counsel for the Securities Class Action Plaintiffs, as well as from counsel to the Debtors and to Paul G. Allen.

**PLEASE TAKE FURTHER NOTICE** that, following argument on the Reconsideration Motion, the Court issued an oral ruling from the bench denying the Reconsideration Motion, with counsel directed to provide a written Order consistent with that ruling.

**PLEASE TAKE FURTHER NOTICE** that counsel for the Debtors submitted the Order to counsel for the Securities Class Action Plaintiffs but the parties have been unable to agree to a form of Order.

**PLEASE TAKE FURTHER NOTICE** that, to eliminate further delay in resolving the issue of memorializing the Order, the Debtors request that the Court enter the form of Order attached hereto.

**PLEASE TAKE FURTHER NOTICE** that Debtors' counsel will continue efforts to resolve this issue and will advise the Court if resolution is reached prior to the hearing of this Motion.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to entry of the Order must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the

Southern District of New York, and be filed with the Court and served so as to be actually received by counsel to the Debtors not later than **10:00 a.m. (Eastern Time) on January 18, 2010**.

| | |
|---|---|
| New York, New York<br>Dated: January 14, 2010 | /s/ Paul M. Basta<br>Richard M. Cieri<br>Paul M. Basta<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>- and -<br><br>Jeffrey S. Powell<br>Daniel T. Donovan<br>John C. O'Quinn<br>KIRKLAND & ELLIS LLP<br>655 15th Street NW, Suite 1200<br>Washington, D.C.  20005<br>Telephone:    (202) 879-5000<br>Facsimile:     (202) 879-5200<br><br>Counsel to the Reorganized Debtors (except Charter Investment, Inc.)<br><br>Albert Togut<br>Frank A. Oswald<br>TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br><br>Counsel to Reorganized Debtor and Debtor in Possession Charter Investment, Inc. |

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CHARTER COMMUNICATIONS, INC., <u>et</u> <u>al.</u>, | ) ) | Case No. 09-11435 (JMP) |
| Reorganized Debtors. | ) ) ) | Jointly Administered |

**ORDER DENYING MOTION FOR LIMITED REHEARING, LIMITED RECONSIDERATION, AND/OR LIMITED RELIEF FROM ORDER CONFIRMING DEBTORS' JOINT PLAN OF REORGANIZATION**

  **THIS MATTER** having been opened to the Court on motion, dated as of November 30, 2009, by the Iron Workers Local No. 25 Pension Fund, Indiana Laborers Pension Fund, Iron Workers District Council of Western New York and Vicinity Pension Fund [Docket No. 973] (the "Motion"), for an Order granting them a limited rehearing, limited reconsideration, and/or limited relief from the Confirmation Order[1] in the above-captioned cases, such that the Third Party Release would be rendered inapplicable to the Securities Class Action Plaintiffs' securities fraud claims against the Reorganized Debtors' Officers and Directors in the action styled *Iron Workers Local No. 25 Pension Fund v. Allen, et al.*, Case No. 4:09-cv-00405-JLH (E.D. Ark.); and this Court having jurisdiction over this matter; and venue of this proceeding and this Motion in this Court being proper; and the Reorganized Debtors, the Official Committee of Unsecured Creditors, and Paul G. Allen having objected to the Motion [Docket Nos. 1017-1019] (collectively, the "Objections"); and argument by the parties having been heard on December 17, 2009; and the Court having found that the Securities Class Action Plaintiffs failed to meet their burden to obtain the relief requested; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

  For the reasons stated in my bench ruling on December 17, 2009, the Objections are **SUSTAINED** and the Motion is **DENIED**.

  This Order shall be immediately effective and enforceable upon its entry.

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
New York, New York

                                                                  _____
Honorable James M. Peck
United States Bankruptcy Judge